**Lou J. RANKIN, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

No. 84–3496.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 25, 1985.

Decided May 10, 1985.

Robert N. Peirce, Jr., Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Anthony M. Mariani, Asst. U.S. Atty., W.D. Pa., Pittsburgh, Pa., Beverly Dennis, III, Regional Atty., John E. Newton, Jr., Asst. Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., for appellee.

Before ADAMS, WEIS and WISDOM,* Circuit Judges.

## OPINION OF THE COURT

WISDOM, Senior Circuit Judge.

The Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 2(d)(2)(C), 1984 U.S.Code Cong. & Ad. News (98 Stat.) 1794, 1797 (Reform Act) provides that cases involving determina-

tions of medical improvement with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant, shall be remanded to the Secretary of Health and Human Services for review in accordance with the provisions of the Social Security Act as amended by the Reform Act. Because this appeal was pending in this Court on September 19, 1984, we must decide whether the plaintiff's challenge to the Secretary's determination that, because of medical improvement, the plaintiff's entitlement to benefits ended in 1977 is properly before us. We hold that it is, and accordingly we remand the case to the Secretary under § 2(d) of the Reform Act.

### I.

The plaintiff, Lou Rankin, sustained a comminuted fracture of the left tibia in 1976. He applied for Social Security disability benefits and, on January 27, 1977, was awarded benefits as of the date of the injury, April 26, 1976. On January 25, 1980, the plaintiff returned to work and so notified the Social Security Administration soon thereafter. In March 1980 he completed a work activity report and in May 1980 advised the Administration that he felt he was able to return to work. The Administration requested that Dr. Robert Botkin, a physician who treated the plaintiff's fracture and last saw him in September 1977, complete a Physical Capacities Evaluation report. Based on the report and Dr. Botkin's clinical notes from 1977, the Administration determined that the plaintiff's disability ended in September 1977 and that his eligibility for benefits therefore ceased in November 1977. The Administration notified the plaintiff of its determination by letter dated July 11, 1980, which was mailed on September 28, 1980.

On October 21, 1980, the plaintiff timely requested reconsideration of the determination. The Administration affirmed its original decision and notified the plaintiff of this fact in a letter dated April 16, 1981. The letter also informed the plaintiff that

* The Honorable John Minor Wisdom, United States Court of Appeals for the Fifth Circuit, sitting by designation.

he could request a hearing before an administrative law judge (ALJ) not later than 60 days after the date of receipt of the letter. The plaintiff did not request a hearing before an ALJ within the 60-day period.

The Administration determined that the plaintiff had received overpayment of benefits in the amount of $15,285.40. On December 21, 1981, the plaintiff was notified by letter that he did not qualify for a waiver of the overpayment because his medical records demonstrated that he was released to return to work in September 1977, but he did not report that fact to the Administration. The plaintiff then retained a lawyer, who challenged both the determination of disability cessation after 1977 and the refusal to waive refund of the overpayment. The plaintiff's lawyer requested a conference.

On April 15, 1982, the Administration notified the plaintiff's lawyer that the disability cessation determination was no longer in issue because the plaintiff failed to appeal from the determination upon reconsideration of April 16, 1981. The Administration scheduled a conference for May 20, 1982, limited to the issue whether the overpayment was to be waived. The plaintiff filed a statement with the Administration at the conference in support of his claim for waiver. By letter dated September 30, 1982 the plaintiff was advised that the decision denying his waiver request was affirmed and that he could request review of that decision by an ALJ within 60 days of receipt of the notice. The plaintiff timely requested a hearing before an ALJ.

The hearing was held on January 27, 1982, and on March 9, 1983, the ALJ issued a decision. The ALJ noted that the plaintiff did not timely appeal the determination that his disability ceased in 1977, but found that the disability cessation determination was nonetheless correct. The ALJ also ruled that waiver of the overpayment could not be made because the plaintiff was "at fault" for not reporting information that he should have known would be needed to determine if he was under a continuing disability. On July 25, 1983, the Appeals Council denied the plaintiff's request for review, and on November 22, 1983, it extended the time to file a civil action in district court under 42 U.S.C. § 405(g) to 60 days from the date of receipt of the November 22, 1983 letter. The plaintiff timely filed a complaint in district court on December 14, 1983.

In its opinion and order of May 10, 1984, the district court stated that the issues before it were whether the plaintiff's disability ceased in 1977, whether the plaintiff was at fault in receiving overpayment of disability benefits, and whether an exception to the Secretary's policy not to terminate disability benefits before a notice letter is sent to the recipient (in this case in 1981) was applicable to the plaintiff's case.[1] The district court granted summary judgment in favor of the defendant on all issues. The plaintiff filed a motion for relief from judgment under Fed.R.Civ.Pro. 60(b), insisting that the court made an error of fact in finding that one of Dr. Botkin's clinical reports contained a statement by Dr. Botkin that the plaintiff was told he had regained the capacity to work. The district court denied the motion,[2] and the plaintiff appealed.

---

1. Under Interagency Memoranda dated June 4, 1982, May 5, 1982, April 15, 1982, and March 30, 1982, the Secretary changed the policy of the Social Security Administration regarding when a retroactive cessation of disability will be made. Under the new policy, the month of cessation is ordinarily no earlier than the month in which a personalized letter is sent advising the claimant that his disability will cease as of a specific month and that he has 10 days to submit a statement or evidence bearing on disability. The plaintiff in this case did not receive such a letter until 1981. The new policy is subject to several exceptions. The exception relevant to this case applies to cases in which a "physician reports that at an earlier date the claimant was told that he or she had regained the capacity" to work.

2. The challenged report contained an entry in the plaintiff's clinical records for September 26, 1977, which stated in part:

X-rays: Middle shaft left tibia at *Triangle Offices* today including AP, lateral, oblique views shows fractures unequivocally solidly healed.

RX: Full activities within mild limits, return if necessary.

## II.

█ The Reform Act requires us to remand to the Secretary "actions relating to medical improvement" that were pending on September 19, 1984.[3] We must therefore decide whether the cessation of disability issue was properly before the district court, and, in turn, properly before us.[4]

### A. The Cessation of Disability Issue was Properly Before the District Court

The plaintiff filed this action in district court under 42 U.S.C. § 405(f) (1982), which provides that an individual, "after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced [in district court] within sixty days after the mailing to him of notice of such decision" (emphasis added). We must decide whether the requirement of a final decision is satisfied here with respect to the disability cessation issue, in light of the fact that the plaintiff failed to appeal that determination within 60 days of the letter of April 16, 1981, affirming the determination that disability ceased in 1977.

The court ruled that this entry evidenced the fact that the plaintiff was told that he had regained the capacity to work:

"Rx" is a shorthand notation for "prescription," which in turn indicates that the Plaintiff was told this information. Further, also implicit in the statement is that the Plaintiff could return to work, as "work" is encompassed by the phrase "full activities."

Rankin v. Heckler, Civ. No. 83–3109 (W.D.Pa. July 31, 1984) (order denying motion for relief from judgment).

We have considerable doubt whether such an "implicit" message is sufficient to meet the notice requirements expressed by the Secretary's own internal operating procedures. The repayment requirement is a harsh one, and the Secretary's procedures appear to be intended to ensure that repayment is ordered only in situations where the claimant was clearly on notice that he or she was no longer entitled to benefits. Due process might well require a more explicit statement from the physician that Rankin was told that he could work. It would appear advisable for the Secretary to give this matter particular attention on remand.

3. Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 2(d)(2), 1984 U.S. Code Cong. & Ad.News (98 Stat.) 1794, 1797.

In order for a district court properly to entertain an action under § 405(g), two conditions must be satisfied. First, a claim for benefits must have been presented to the Secretary. Second, there must have been a final decision after a hearing. The Supreme Court has held, however, that only the first condition is a mandatory requirement. The second—the requirement that the claimant exhaust his administrative remedies—can be waived either by the Secretary, *Mathews v. Diaz*, 426 U.S. 67, 76, 96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976), or, under certain circumstances, by the court on its own determination, *Mathews v. Elridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 344 (3d Cir.1977). The first, non-waivable, condition is clearly satisfied here because the defendant was in fact paid the claim for benefits.

█ With respect to the second condition, we have found a waiver of the exhaustion of administrative remedies requirement where the claimant raises constitutional issues [5] or where the claimant raises statutory issues upon which the Secretary has taken a final position.[6] In those cases,

4. Neither of the parties to this appeal have raised the issue under the Reform Act. We raise it on our own because if this case falls within the terms of § 2(d)(2)(C) of the Reform Act, we must remand the case to the district court with instructions to remand to the Secretary. *See Heckler v. Kuehner*, —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984).

5. *See Kuehner v. Schweiker*, 717 F.2d 813 (3d Cir.1983), *vacated and remanded on other grounds sub nom. Heckler v. Kuehner*, —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir.1983); *Town Court Nursing Center, Inc. v. Beal*, 586 F.2d 266 (3d Cir.1978); *Mattern v. Mathews*, 582 F.2d 248 (3d Cir.1978), *cert. denied*, 443 U.S. 912, 99 S.Ct. 3101, 61 L.Ed.2d 876 (1979).

6. *See Kuehner v. Schweiker*, 717 F.2d 813 (3d Cir.1983), *vacated and remanded on other grounds sub nom. Heckler v. Kuehner*, —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984); *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (3d Cir.1977).

the requirement of exhaustion does not serve any underlying policy, because in the former case the federal court is more qualified to address constitutional questions than the agency[7] and in the latter case further appeals are futile in the light of the final position already taken.[8] "When, however, the claim involves an individual disability determination, the policies of exhaustion counsel full compliance with the § 405(g) requirements." *Tustin v. Heckler,* 749 F.2d 1055, 1063 n. 13 (3d Cir.1984).

Although the plaintiff failed to appeal from the cessation determination of April 16, 1981, we find that later events in this case establish the equivalence of full compliance with the § 405(g) requirement. The ALJ in his decision of March 9, 1983, noted that the plaintiff did not timely appeal the determination of April 16, 1981, but nevertheless found, after a review of the record, that the disability cessation determination was correct. The Appeals Council denied the plaintiff's request for review. Thus, the plaintiff obtained the equivalent amount of review of the cessation determination that he would have had if he had timely appealed the decision of April 16, 1981. "Exhaustion of administrative remedies ensures that the Secretary has a chance to develop fully her position in a case before she must defend that position in the courts, and that the judiciary has access to a detailed administrative record that will facilitate meaningful judicial review." *Tustin,* 749 F.2d at 1062. Because both of these conditions have been satisfied in this case, the policies underlying the requirement of exhaustion have been served, and we conclude that the cessation

determination was a "final decision" for purposes of § 405(g).

Moreover, we hold that the Secretary has waived any technical objections she might have had under the exhaustion requirement. In paragraph 2 of his complaint in the district court, the plaintiff alleged that the decision of the ALJ "has become the final decision of the Secretary for the purposes of judicial review." In paragraph 3 the plaintiff alleged that he "has exhausted administrative remedies in this matter." The Secretary in her answer admitted all the allegations of paragraphs 2 and 3 of the complaint, and, as in *Liberty Alliance,* "filed a motion for summary judgment, thus suggesting that the case was appropriate for judicial resolution." *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 346 (3d Cir.1977). The Secretary has also briefed the merits of the cessation determination in this Court without raising the exhaustion of remedies issue. We therefore conclude that the cessation issue was properly before the district court.

## B. The Cessation of Disability Issue is Properly Before this Court

The plaintiff filed its motion for relief from judgment in the district court under Fed.R.Civ.Pro. 60(b).[9] The plaintiff argued that the court made an error of fact in finding that one of Dr. Botkin's 1977 clinical reports contained a statement by Dr. Botkin that the plaintiff was told he had regained the capacity to work.[10] The district court denied the motion in a memorandum order entered on July 31, 1984. In his notice of appeal to this Court, the plain-

---

7. *Tuston v. Heckler,* 749 F.2d 1055, 1063 n. 13 (3d Cir.1984).

8. *See Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 345–46 (3d Cir.1977).

9. Rule 60(b) provides in part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore de-

nominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

10. *See supra* note 2.

tiff states that he is appealing only from the "judgment entered ... on August 1, 1984," apparently intending to refer to the denial of the Rule 60(b) motion.[11] An appeal from a denial of a motion under Rule 60(b) brings up for review only the denial of the motion itself and not the merits of the underlying judgment.[12]

It is clear, however, that the plaintiff intended to challenge the entire judgment, because both parties have briefed the Court on the merits of the three issues decided by the district court. Regardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e).[13] *See Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir.1983); *Cosgrove v. Smith,* 697 F.2d 1125, 1127–28 (D.C.Cir.1983); *Dove v. Codesco,* 569 F.2d 807, 809 (4th Cir.1978); *Seschachalam v. Creighton Univ. School of Medicine,* 545 F.2d 1147, 1147 (8th Cir.1976), *cert. denied,* 433 U.S. 909, 97 S.Ct. 2974, 53 L.Ed.2d 1093 (1977); *See Ranch Ass'n v. California Coastal Zone Conservations Comm'ns,* 537 F.2d 1058, 1061 (9th Cir.1976); 7 Moore's Federal Practice ¶ 60.29, at 60–327 n. 4 (1983).[14] Because the plaintiff filed his motion seven days after entry of judgment, we treat it as a motion under Rule 59(e) challenging the entire judgment, including the cessation of disability issue.

A timely motion under Rule 59(e) suspends the time for appeal, which commences to run anew from the entry of an order granting or denying the motion.[15] Because the plaintiff filed his notice of appeal within 30 days of the denial of the motion for relief from judgment,[16] as required by Fed.R.App.Pro. 4(a)(1), all issues decided by the district court, including the determination of cessation of disability, are properly before this Court.

### III.

We hold that the cessation of disability issue was properly before the district court under 42 U.S.C. § 405(g) and is properly before this Court. This is therefore an action "relating to medical improvement" within the meaning of § 2(d)(2) of the Reform Act. Because this appeal was pending on September 19, 1984, the Reform Act requires that we vacate the judgment and remand this case to the district court with instructions to remand to the Secretary for further proceedings in accordance with the Reform Act. *See Heckler v. Kuehner,* —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984).

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

**11.** The original judgment based on the district court's grant of summary judgment in favor of the defendants was entered on May 11, 1984.

**12.** *See, e.g., Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), *Matter of Roach,* 660 F.2d 1316, 1318 (9th Cir.1981); *Phillips v. Insurance Co. of North America,* 633 F.2d 1165, 1167 (5th Cir.1981); *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 223–24 (10th Cir.1979); *United States v. Cirami,* 535 F.2d 736, 741 (2d Cir. 1976); *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 992–93 (1st Cir.1976).

**13.** Rule 59(e) provides, "A motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment."

**14.** *Cf. Glick v. White Motor Co.,* 458 F.2d 1287, 1293–94 (3d Cir.1972) (treating a motion origi-

nally filed under Rule 59(e) as a Rule 60(a) motion).

**15.** *See Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir.1983); *Cosgrove v. Smith,* 697 F.2d 1125, 1127–28 (D.C.Cir.1983); *Dove v. Codesco,* 569 F.2d 807, 809 (4th Cir.1978); *Seshachalam v. Creighton Univ. School of Medicine,* 545 F.2d 1147, 1147 (8th Cir.1976), *cert. denied,* 433 U.S. 909 (1977); *Sea Ranch Ass'n v. California Coastal Zone Conservations Comm'ns,* 537 F.2d 1058, 1061 (9th Cir.1976); 6A Moore's Federal Practice ¶ 59.12[2] at 59–290—59–292 (1982).

**16.** The district court's denial of the plaintiff's motion for relief from judgment was entered on July 31, 1984. The plaintiff filed his notice of appeal on August 8, 1984.