Irene **COOPER**

v.

Otis R. **BOWEN,** Secretary of Health and Human Services.

Civ. A. No. 86–0780.

United States District Court, E.D. Pennsylvania.

Oct. 15, 1986.

Jess Leventhal, Langhorne, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

HANNUM, Senior District Judge.

The defendant, Otis R. Bowen, Secretary of Health and Human Services (hereinafter "the Secretary"), has filed the present motion to dismiss the action brought by plaintiff, Irene Cooper, in this Court seeking reversal of the Secretary's determination to deny her claim for benefits under Title II of the Social Security Act (hereinafter "the Act") as amended. The defendant contends that there has been no "final decision of the Secretary made after a hearing" within the meaning of the Act. Thus, defendant argues that this Court lacks jurisdiction to review plaintiff's claim under Section 205(g) of the Act, 42 U.S.C. § 405(g). After careful consideration of the particular factual circumstances presented to the Court and the Third Circuit's opinion rendered in *Rankin v. Heckler*, 761 F.2d 936 (3d Cir.1985), this Court agrees with the defendant. Accordingly, the Court will grant defendant's motion to dismiss plaintiff's complaint and will deny plaintiff's motion for summary judgment, also before the Court.

On March 28, 1983, plaintiff, Irene Cooper, filed an application for widow's insurance benefits. Record Transcript (hereinafter "R.T.") 87–92. Plaintiff claims to be the commonlaw wife of the decedent, Si-

mon Ponder. By notice dated June 21, 1983, this application was denied. R.T. 95. Plaintiff requested administrative reconsideration of this determination. Plaintiff's claim was again denied by notice dated December 16, 1983. R.T. 97–100. In the notice of reconsideration, plaintiff was advised that she could request a hearing before an administrative law judge no later than sixty days from the date plaintiff received this notice. On March 26, 1984, plaintiff, through counsel, filed a request for hearing. R.T. 21–25.[1]

The plaintiff's request for hearing was filed 32 days late. Under these circumstances, an administrative law judge may dismiss a request for hearing if untimely filed. 20 C.F.R. § 404.957 (c)(3) (1983).[2] *See also Whitelock v. Califano*, 451 F.Supp. 541 (E.D.Pa.1978). However, in the instant case, the administrative law judge (hereinafter "the ALJ"), by notice dated July 19, 1984, notified Irene Cooper and her counsel that a hearing as to the merits of plaintiff's claim would be held on August 21, 1984. R.T. 17.[3]

At the outset of the hearing, the administrative law judge raised the issue that plaintiff's hearing request was filed untimely.[4] Also, the ALJ, at this time, inquired as to whether good cause existed for plaintiff's late hearing request. R.T. 28–29. The ALJ then proceeded to conduct a full and complete hearing on the merits of plaintiff's claims, taking the timeliness issue under advisement. R.T. 26–165.

On April 25, 1985, approximately eight months after the hearing date, the ALJ issued an order dismissing plaintiff's request for hearing on the basis that the request was not filed within the required sixty day period and that good cause did not exist to excuse plaintiff's late hearing request. R.T. 14–16. However, the ALJ's "Order of Dismissal" further related that were he to decide "the issues involved in the request for hearing on the merits," he would adopt the "rationale and conclusions of the reconsideration determination." R.T. 15–16.

By letter dated June 17, 1985, plaintiff's counsel timely requested Appeals Council review of the ALJ's determination. R.T.

---

1. The March 26, 1984 letter from plaintiff's counsel to the Social Security Administration requests "a hearing on Ms. Cooper's behalf." Moreover, the plaintiff, through counsel admits in this letter that her request for hearing was late.

2. The dismissal of a request for a hearing is binding, unless vacated by an administrative law judge or the Appeals Council. 20 C.F.R. § 404.959 (1986). An administrative law judge or the Appeals Council may vacate any dismissal of a request for hearing if, within sixty days after a claimant receives the dismissal notice, the claimant requests that the dismissal be vacated and shows good cause why the hearing request should not have been dismissed. 20 C.F.R. § 404.960 (1986).

3. The July 19, 1984 notice to plaintiff specifically instructs plaintiff to appear before administrative law judge, Silvester A. Puzio, for a hearing on Tuesday, August 21, 1984 at 2:30 p.m. concerning the issues:
   Whether claimant is eligible to receive monthly benefits on the account as the surviving widow of the deceased wage earner.
   Whether claimant is widow based on common law marriage to Simon Ponder.
   R.T. 17.

4. Because the notice of hearing sent by the ALJ to plaintiff does not mention that plaintiff's late

filing of a request for hearing was to be an issue at the hearing, plaintiff argues that her opportunity to argue that good cause existed for her late filing was somehow compromised but does not say how.

The Court finds that plaintiff was on constructive notice that her untimely request for hearing remained an issue properly before the ALJ. The plaintiff, as mentioned earlier, admitted in her March 26, 1984 letter requesting an administrative hearing that her request was late. Moreover, the record reflects that the Social Security Administration made inquiry of plaintiff by telephone prior to the hearing as to why her request for hearing was late. R.T. 20. The record further reflects that plaintiff's counsel, on May 9, 1984, responded in detail to the Administration's inquiry as to why this request was late. *Id* Plaintiff's counsel's May 9, 1984 letter to the Social Security Administration was sent nine weeks before the ALJ noticed the hearing.

The Court also finds that plaintiff was not prejudiced in any respect by the lack of formal notice that timeliness would be an issue raised at the hearing. R.T. 28. Plaintiff's position, in this regard, being sufficiently developed prior to the hearing, *see* R.T. 20, would not have been different if formal notice had been given.

10–13. By notice dated December 18, 1985, the Appeals Council declined to review the ALJ's "Order of Dismissal" and then vacated that portion of the ALJ's decision addressing "the merits of the case." R.T. 3–4. Plaintiff, then, timely commenced the instant action pursuant to 42 U.S.C. Section 405(g).

■ Judicial review of individual claims for benefits is permitted only in accordance with the provisions of Section 405(g) of the Act. 42 U.S.C. § 405(h); *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

Section 405(g) of Title 42 of the United States Code provides, in relevant part, as follows:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... in ... [a] district court of the United States ...

42 U.S.C. § 405(g). This provision clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).

■ To obtain a "final decision of the Secretary made after a hearing", a claimant who is denied benefits by the Secretary must ordinarily exhaust the full panoply of administrative remedies that are available to him under the Act; that is, the claimant must receive a decision by the Appeals Council which either reviews or denies review of a determination made by an ALJ after an evidentiary hearing on the merits

of the claim.[5] When the exhaustion requirement is met, and the claimant receives a "final decision of the Secretary made after a hearing" on his claim, a federal court then has jurisdiction under 42 U.S.C. § 405(g) to review the merits of such a claim.[6] *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Rankin v. Heckler*, 761 F.2d 936 (3d Cir.1985); *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 344 (3d Cir.1977). *See also Giacone v. Schweiker*, 656 F.2d 1238, 1243 (7th Cir.1981).

■ Compliance with the exhaustion requirement may be waived in certain circumstances. *See Rankin v. Heckler*, 761 F.2d at 940. The Third Circuit has found a waiver of the exhaustion of remedies requirement where the claimant raises constitutional issues or where the claimant raises statutory issues upon which the Secretary has taken a final position. *Id.* The Third Circuit in *Rankin* explained that:

> In those cases, the requirement of exhaustion does not serve any underlying policy, because in the former case the federal court is more qualified to address constitutional questions than the agency and in the latter case further appeals are futile in the light of the final position already taken. 'When, however, the claim involves an *individual* disability determination, the policies of exhaustion counsel *full* compliance with the § 405(g) requirements.' *Tustin v. Heckler*, 749 F.2d 1055, 1063 n. 13 (3d Cir.1984).

*Rankin*, 761 F.2d at 940–41 (footnotes omitted) (emphasis added).

However, in the *Rankin* case, the Third Circuit held, where an *individual* disability claimant failed to make a timely request for hearing before an ALJ, that later

---

5. "The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision or the decision of the administrative law judge if the request for review is denied, is binding unless [a claimant] ... file[s] an action in Federal district court ..." 20 C.F.R. § 404.981 (1986). Thus, a decision to review or not to review by the Appeals Council represents the decision of the Secretary of Health and Human Services with respect to that claim.

6. Although a decision rendered on a claim at each stage of the administrative process is final and binding on the parties, *see* 20 C.F.R. §§ 404.905, 404.921, 404.955 and 404.981 (1986), the regulations also contemplate that a federal court only review those claims that have been timely filed and denied at each step of the administrative process. *See* 20 C.F.R. § 404.900 (1986).

events in the case established "the equivalence of full compliance" with the requirements of 42 U.S.C. § 405(g). *Rankin v. Heckler*, 761 F.2d 936, 941 (3d Cir.1985). Despite the fact that *Rankin* and the case before the Court have many similarities, significant procedural differences exist in the case presently before the Court that distinguish it from the *Rankin* case and preclude this Court from finding that the later events in this case establish "the equivalence of full compliance" with the strictures of 42 U.S.C. § 405(g). *Id.* Accordingly, this Court will grant the Secretary's motion to dismiss.[7]

In *Rankin*, the plaintiff, Lou Rankin, was notified on September 28, 1980, by the Social Security Administration that his eligibility for disability benefits ceased in November, 1977. Thereafter, Mr. Rankin timely requested reconsideration of the cessation of disability determination. On April 16, 1981, the Administration affirmed its original decision and by letter notified Mr. Rankin that he could request a hearing before an ALJ on the cessation of disability issue not later than sixty days after receipt of the letter. Mr. Rankin, as is true of plaintiff in the case at bar, "did not request a hearing [on the Administration's cessation of disability determination] before an ALJ within the 60 day period." *Rankin*, 761 F.2d at 939.

However, on January 27, 1982, nine months after the Administration's reconsideration determination, when Mr. Rankin was before an ALJ at a hearing on the separate issue of whether Mr. Rankin was at fault in receiving overpayment of disability benefits, the issue of whether the Administration correctly decided that Mr. Rankin's disability ceased in November, 1977, was raised.[8] The ALJ in his decision of March 9, 1983, noted that Mr. Rankin did not timely appeal the determination of April 16, 1981, but nevertheless found, after a review of the record, that the disability cessation determination was correct. The Appeals Council then denied the plaintiff's request for review.

The Third Circuit found in *Rankin* that the plaintiff obtained the equivalent amount of review of the cessation determination that he would have had if he had timely appealed the decision of April 16, 1981 and then explained:

'Exhaustion of administrative remedies ensures that the Secretary has a chance to develop fully her position in a case before she must defend that position in the courts, and that the judiciary has access to a detailed administrative record

---

7. Plaintiff requests "that this Court follow the reasoning of the District Court ... in its decision in *Hennings v. Heckler*, 601 F.Supp. 919 (N.D.Ill.1985)," and under the federal mandamus statute, 28 U.S.C. § 1361, exercise jurisdiction to reach the merits of her claim. The decision in *Hennings v. Heckler*, 601 F.Supp. 919, 923–26, however, involving the issue of whether the ALJ misinterpreted a regulation promulgated by the Secretary, is inapposite to the case at bar. Accordingly, plaintiff's request that the Court follow the reasoning in *Hennings v. Heckler*, 601 F.Supp. at 923–26, is denied.

Plaintiff also requests this Court to deem her untimely request for hearing to be a petition for reopening her claim. If this Court were to grant plaintiff's request, the requirement that a claimant exhaust completely his administrative remedies particularly in a case involving an individual disability claimant would be undermined. *See Rankin v. Heckler*, 761 F.2d 936, 941 (3d Cir.1985); *Tustin v. Heckler*, 749 F.2d 1055, 1063 n. 13 (3d Cir.1984). Accordingly, plaintiff's request is denied.

8. Because the Administration determined that Mr. Rankin had received overpayments of benefits in the amount of $15,285.40, the *Rankin* case involved both the issue of whether Mr. Rankin qualified for a waiver of this overpayment of benefits and the issue of whether the Administration correctly determined that Mr. Rankin's disability had ceased in November, 1977. The Administration afforded Mr. Rankin an opportunity to request a hearing before an administrative law judge on the waiver issue alone. Apparently Mr. Rankin raised the cessation of disability issue at this hearing. The cessation of disability issue was found by the ALJ to have been untimely appealed and nonetheless to have been correctly decided. The Third Circuit's opinion in *Rankin*, 761 F.2d at 940–41, explicitly holds that the cessation of disability issue was properly before the Court because a "final decision of the Secretary made after a hearing" within the meaning of the Act was rendered on it. The Court of Appeals placed no importance on the fact that Mr. Rankin was properly before the ALJ on the waiver of benefits issue in reaching its result.

that will facilitate meaningful judicial review.' *Tustin*, 749 F.2d at 1062. *Rankin*, 761 F.2d at 941. The Third Circuit then found that "both of these conditions have been satisfied" and that "the policies underlying the requirement have been served." *Id.*

The Third Circuit also found that the Secretary had "waived any technical objections she might have had under the exhaustion requirement." *Rankin*, 761 F.2d at 941. The Third Circuit's finding was based upon the fact that the Secretary admitted allegations in plaintiff's complaint that the decision of the ALJ had "become the final decision of the Secretary for the purposes of judicial review" and the plaintiff had "exhausted administrative remedies in this matter." *Id.* The Court of Appeals further supported this finding by noting that the Secretary had filed in the district court a motion for summary judgment on its behalf and had briefed the merits of the cessation determination in the appeal pending before it.

The Court of Appeals in *Rankin* then concluded that the cessation issue was properly before the district court.

■ In this case, the plaintiff, through counsel, on March 26, 1984, requested a hearing, although untimely, on the merits of plaintiff's claim. On July 19, 1984, the administrative law judge notified Irene Cooper that a hearing as to the merits of her claim would take place on August 21, 1986. Similar to the *Rankin* case, the merits of plaintiff's claim were considered in a full and complete hearing. R.T. 26–178.

Five witnesses appeared before the ALJ including the plaintiff. Fifty-six pages of oral testimony were recorded in regard to plaintiff's claim. R.T. 30–86. The ALJ on behalf of the Secretary admitted twenty-two exhibits relevant to determining the merits of plaintiff's claim into evidence. R.T. 87–158 (Exhibits 1–22). The plaintiff, at the hearing, submitted four exhibits relevant to the merits of her claim that were received into evidence. R.T. 159–165 (Exhibits 23–26). Six exhibits, bearing on the

merits of plaintiff's claim, were received into evidence by the ALJ subsequent to the hearing. R.T. 165–178 (Exhibits 27–32).[9]

The ALJ, on April 25, 1985, eight months after the hearing, issued a decision, as in the *Rankin* case, dismissing plaintiff's request for hearing as untimely filed and also finding that good cause did not exist to excuse the late filing. The ALJ nevertheless remarked that if he were to reach the merits of plaintiff's claim, that he would have found, after a review of the administrative record, that the administrative denial of plaintiff's claim on the merits was correct. R.T. 14–16.

The Appeals Council denied plaintiff's request for review of both the ALJ's decision to dismiss plaintiff's request for hearing and the ALJ's determination that good cause to excuse the late request did not exist. However, the Appeals Council in the case at bar, unlike the Appeals Council in the *Rankin* case reviewed the propriety of the ALJ's addressing the merits of plaintiff's claim under these circumstances. The Appeals Council concluded that "inasmuch as the request for hearing was improperly before the Administrative Law Judge, he should not have addressed the merits of the case." Action of Appeals Council On Request For Review Of Dismissal, at pg. 2; R.T. 3–4. *See* 20 C.F.R. § 404.970 (a)(2) (1986). The Appeals Council then vacated that portion of the ALJ's decision that addressed the merits of plaintiff's claim. *See* 20 C.F.R. § 404.979 (1986) (Decision of Appeals Council).

Unlike the *Rankin* case, no decision has been rendered and no position has been taken by the Secretary, in the case at bar, since the administrative hearing on the merits of plaintiff's claim. The Secretary has only decided that plaintiff untimely filed a request for hearing and that good cause did not exist to excuse this late request. Thus, under the circumstances of this case, no "final decision of the Secretary made after a hearing" has been made. Nor do the later events "in this case estab-

9. The ALJ, in fact, solicited Exhibit No. 31—a document only relevant to determining the mer- its of plaintiff's claim—and then received it into evidence.

lish the equivalence of full compliance with the § 405(g) requirement." *Rankin,* 761 F.2d 936, 941 (3d Cir.1985).[10]

Moreover, this Court finds that the Secretary, unlike the situation in *Rankin,* has not "waived any technical objections she might have had under the exhaustion requirement." *Id.* This finding is supported by the Appeals Council's decision in this case to vacate that portion of the ALJ's decision that would have addressed the merits of plaintiff's claim. The Secretary, moreover, has not addressed the merits of plaintiff's claim in this Court. The Secretary has only moved this Court to dismiss the plaintiff's claim on jurisdictional grounds.

Because the merits of the plaintiff's claim are not properly before the Court, the Court grants the Secretary's motion to dismiss and denies the plaintiff's motion for summary judgment.

---

**10.** A waiver of the exhaustion requirement under these circumstances would be inappropriate because judicial review of a complete and fully developed administrative record is meaningless, where, as is the case here, the Secretary has taken, in accordance with law, no position with respect to the merits of plaintiff's claim since the administrative hearing was held.