Andrew GRANBERG, Plaintiff,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 88–2667.

United States District Court, W.D. Pennsylvania.

July 18, 1989.

Albert Schollaert, Asst. U.S. Atty., for defendant.

Jon Pushinsky, Pittsburgh, Pa., for plaintiff.

## OPINION

### D. BROOKS SMITH, District Judge.

In this Social Security appeal, we are asked by the plaintiff to assume jurisdiction in a case where he challenges, not the Secretary's initial substantive decision on the claim for benefits, but rather an order of dismissal of plaintiff's Request for a Hearing. The Secretary contends that because this was not a final decision "made after a hearing," 42 U.S.C. § 405(g), we are without jurisdiction. For the reasons stated below, we believe that our judicial review is appropriate and remand for an evidentiary hearing.

Plaintiff filed for Supplemental Security Income Benefits[1] on February 25, 1987. *See* Defendant's Brief in Support of Motion To Dismiss, Exhibit 3, p. 1 (hereinafter Govt. Brf). This claim was denied initially, and later upon reconsideration. Govt. Brf., Exhibit 1. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). This request was granted and a hearing was scheduled for February 16, 1988. Govt. Brf, Exhibit 3. Both plaintiff's counsel and plaintiff's mother, plaintiff's key witness, had scheduling conflicts with the hearing date. Plaintiff's counsel informed plaintiff's mother that he would seek a continuance.[2]

By oversight, no continuance was sought. Govt. Brf, Exhibits 4 and 5. The hearing was held as scheduled, but neither plaintiff's counsel nor his mother appeared.[3] Subsequently, the ALJ issued a Notice to Show Cause For Failure to Appear. Upon receipt plaintiff's counsel immediately contacted the ALJ, tendered an apology and explained what had happened. Counsel then requested another hearing. Govt. Brf, Exhibit 5.

The ALJ denied plaintiff's request for a second hearing. In addition, the ALJ dismissed plaintiff's request for a hearing before an ALJ because plaintiff had failed to show good cause for his absence at the scheduled hearing.[4] The ALJ's Order of Dismissal first noted that plaintiff's present counsel had not been appointed as plaintiff's attorney of record at that time. Then, the ALJ stated that counsel's "negligence is not good cause for the failure of any one to appear at the hearing." Govt. Brf, Exhibit 6.

Plaintiff next requested that the Appeals Council vacate the ALJ's order of dismissal. Govt. Brf, Exhibit 7. The Appeals Council denied plaintiff's request. The council concluded that it had no basis for review under the Social Security regulations.[5] Govt. Brf, Exhibit 11. Thereafter, plaintiff timely filed this action.

The Secretary of Health and Human Services (Secretary) contends in his Motion to Dismiss that this Court is without jurisdiction over this social security matter. The Secretary relies upon section 205(g) of the Social Security Act which provides judicial review for those individuals aggrieved by "any final decision of the Secretary made after a hearing...." 42 U.S.C. § 405(g). As further support for its position, the Secretary cites *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In *Sanders*, the Court held that section 405(g) "clearly limits judicial review to a particular type of agency action, 'a final decision of the Secretary made after a hearing.'" *Id.* at 108, 97 S.Ct. at 986. Therefore, the Secretary argues that since the plaintiff did not have a hearing before the ALJ, judicial review cannot be granted.

Plaintiff asserts that *Sanders* is inapposite to the case at bar. Plaintiff argues that a literal adherence to this statutory provision would give unfettered discretion

---

1. 42 U.S.C. § 1382(a).

2. *See* 20 C.F.R. § 416.1436(b).

3. Plaintiff's application for SSI benefits was based on a mental disability. Hence, our reference to his mother.

4. *See* 20 C.F.R. § 416.1457(b).

5. *See* 20 C.F.R. § 416.1470 for the bases of review by the Appeals Council.

to the Secretary to make decisions affecting claimants and their right to receive benefits without judicial review. In support of his position, plaintiff cites several district court decisions.

Before we reach the merits, we note the procedural posture of this case. Federal Rule of Civil Procedure 12(b) provides that motions which present matters "outside the pleading[s]" shall be treated as one for summary judgment. Since the Secretary has presented numerous exhibits and a sworn affidavit, we will resolve this motion in accordance with Rule 56. This requires that the facts "be viewed in the light most favorable to the party opposing the motion." *Betz Laboratories, Inc. v. Hines,* 647 F.2d 402 (3rd Cir.1981).

We note at the outset that the resolution of this matter cannot be decided solely on the basis of *Califano v. Sanders,* 430 U.S. at 99, 97 S.Ct. at 981, for *Sanders* is the progeny of two earlier Supreme Court decisions regarding the Social Security Act and district court judicial review. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

*Weinberger v. Salfi,* 422 U.S. at 749, 95 S.Ct. at 2458, presented the Court with the question of whether the District Court had jurisdiction over a constitutional challenge to Social Security regulations affecting a plaintiff's eligibility for benefits. Plaintiff had relied on section 1331 for jurisdiction in the District Court. 28 U.S.C. § 1331. The Court held that section 205(h) of the Social Security Act "precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional question." *Salfi,* 422 U.S. at 761, 95 S.Ct. at 2465 (*construing* 42 U.S.C. § 405(h)).[6] The plaintiff's constitutional claim, however, could be brought under the jurisdictional grant in section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Section 205(g) provides for district court review for "[a]ny individual, after any final decision of the Secretary made after a hearing...." 42 U.S.C. § 405(g). The Court interpreted this provision as a requirement that judicial review could be obtained once an individual had presented an application for benefits to the Secretary and exhausted internal review procedures. *Salfi,* 422 U.S. at 763–765, 95 S.Ct. at 2465–67. Inasmuch as the plaintiff in *Salfi* presented a constitutional claim which was beyond the Secretary's power to decide, the plaintiff did not have to exhaust all administrative procedures to obtain judicial review.

The Court revisited its decision in *Weinberger v. Salfi, supra,* the following year in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), a case which also presented the Court with a constitutional question. Again, the Court addressed whether it had jurisdiction before it reached the constitutional issue.

In *Eldridge,* the claimant had failed to exhaust administrative remedies under the Social Security regulations because he did not seek reconsideration of the initial termination of his benefits. On this basis, the Secretary argued that the claimant could not obtain judicial review pursuant to section 405(g). The Court disagreed.

The Court recognized that the "only avenue for judicial review is 42 U.S.C. § 405(g) [42 U.S.C.S. § 405(g)] which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." 424 U.S. at 327, 96 S.Ct. at 899. The Court then explained that *Salfi,* 422 U.S. at 749, 95 S.Ct. at 2458, established the principle that the jurisdictional requirement that there be a "final decision" made "after a hearing" consisted of two elements,

only one of which is purely "jurisdictional" in the sense that it cannot be

---

**6.** 42 U.S.C. § 405(h) provides in its entirety:
The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

"waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

*Eldridge,* 424 U.S. 328, 96 S.Ct. at 899.

The Court then concluded that Eldridge had met the jurisdictional prerequisites of section 405(g) despite the fact that he had not exhausted the full set of internal review procedures. Eldridge had satisfied the crucial prerequisite that he present a claim for benefits. Inasmuch as some decision was made, jurisdiction could be exercised over Eldridge's constitutional claim by the district court pursuant to section 405(g). *Eldridge,* 424 U.S. at 329–330, 96 S.Ct. at 900.

The question of jurisdiction to review a social security matter was raised again in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The claimant's action was an attempt to reopen a claim for benefits seven years after his initial application had been denied. The claimant contended that the District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). The District Court dismissed the claimant's action for lack of subject matter jurisdiction. The Court of Appeals agreed, but concluded that jurisdiction could be exercised pursuant to the Administrative Procedure Act.

The Supreme Court reversed the circuit court and held that the Administrative Procedure Act did not "afford an implied grant of subject matter jurisdiction ..." over actions arising under the Social Security Act. 430 U.S. at 107, 97 S.Ct. at 985. Moreover,

the Court refused to read section 405(g) as a grant of jurisdiction to review an alleged abuse of agency discretion to reopen a claim. To do so "would frustrate the congressional purpose, plainly evidenced in § 205(g) [§ 405(g)], to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." 430 U.S. at 108, 97 S.Ct. at 986.

This trilogy of Supreme Court decisions regarding judicial review over Social Security matters clearly denotes that if the instant action is to be reviewed pursuant to section 405(g), the plaintiff must meet the jurisdictional prerequisites of that section. We conclude that he has.

In the case at bar, plaintiff presented a claim for benefits to the Secretary. This claim was denied and subsequently an order was issued dismissing the plaintiff's request for a hearing. Thereafter, plaintiff exhausted the full set of internal-review procedures provided by the Secretary. Hence, both the waivable and non-waivable elements required by section 405(g) have been satisfied. Plaintiff's action was filed within the sixty-day limitations period. We, therefore, have jurisdiction over this matter.[7]

We are mindful of the fact that the plaintiff's action in the case at bar does not present a constitutional claim. Nevertheless, we hold firm to our conclusion that jurisdiction exists. Admittedly, *Califano v. Sanders* characterizes *Weinberger v. Salfi,* 422 U.S. at 749, 95 S.Ct. at 2458, and *Mathews v. Eldridge,* 424 U.S. at 319, 96 S.Ct. at 895, as cases which are afforded subject matter jurisdiction because the claimants had challenged the Secretary's decisions on constitutional grounds. *Sanders,* 430 U.S. at 108–109, 97 S.Ct. at 985–986. But, the mere fact that *Salfi* and *Eldridge* obtained judicial review in cases presenting constitutional challenges, and

---

**7.** We respectfully note our disagreement with Senior Judge Hannum's decision in *Cooper v. Bowen,* 655 F.Supp. 104 (E.D.Pa.1986). Judge Hannum's decision reads section 405(g) as a grant of subject matter jurisdiction once a claimant has received a decision by the Appeals Council which either reviews or denies review of the determination made by the ALJ after an *evidentiary* hearing on the merits of the claim. *Cooper,* 655 F.Supp. at 107 (emphasis added).

We fail to find the term "evidentiary" in section 405(g)'s language "after any final decision ... made after a hearing...." As evidenced by the resolution of Eldridge's constitutional claim, an evidentiary hearing is not required before a district court can exercise jurisdiction. Rather, a claimant must present a claim to the Secretary, obtain a final decision and thereafter, exhaust the full set of internal review procedures. *Eldridge,* 424 U.S. at 319, 96 S.Ct. at 895.

*Sanders* failed to obtain judicial review in a case presenting a non-constitutional matter, cannot be deemed as an ipso facto preclusion of all other cases seeking judicial review of non-constitutional claims which present matters other than the initial substantive decision of the Secretary on the benefits claim.[8] The focus in *Sanders* was the fact that a final decision on the merits had been rendered previously and plaintiff's attempt to gain jurisdiction at that late stage in the proceeding would clearly frustrate Congress' sixty-day limitation upon judicial review.[9]

In addition, our determination that section 405(g) grants jurisdiction over this matter is consistent with the purpose of the Supplemental Security Income program. Section 416.110 provides that the purpose of the program is to provide supplemental security income to assure a minimum level of income for people who are disabled and do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level. 20 C.F.R. § 416.110. Consequently, the Act is to be construed liberally to further its remedial purposes. *Slessinger v. Secretary of Health & Human Services*, 835 F.2d 937, 943 (1st Cir.1987). District court review is also contemplated by the regulations. Section 416.1481 provides:

> The Appeals Council may deny a request for review....
>
> ... [T]he decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal District Court....

20 C.F.R. § 416.1481.

■ Accordingly, our review of this matter is limited to a determination of whether substantial evidence supports the ALJ's decision that plaintiff failed to show good cause for failing to appear at the scheduled hearing.[10] 42 U.S.C. § 405(g); *Bellantoni v. Schweiker*, 566 F.Supp. 313 (E.D.N.Y. 1983) (substantial evidence standard of review applied to Social Security action contesting ALJ's dismissal for failure to show good cause for failing to meet deadline for requesting review). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), in relationship to all the other evidence in the record. *Kent v. Schweiker*, 710 F.2d 110 (3rd Cir.1983). If the ALJ's decision is not supported by substantial evidence, the decision cannot stand. *See* 42 U.S.C. § 405(g).

Our review of the record indicates that the ALJ's dismissal is based largely on the fact that no one appeared for the hearing because of plaintiff's counsel's negligence. Govt. Brf. Exhibit 6 p. 2. The ALJ's dismissal order, however, notes that plaintiff's counsel's letter notifying the ALJ of the circumstances behind his failure to appear is out of order because counsel is not yet an appointed representative of the plaintiff. *Id.* Yet, the ALJ failed to consider other circumstances which would warrant rescheduling the hearing. These include: the fact that plaintiff's mother, plaintiff's key witness, was unavailable for the hearing; plaintiff responded quickly to the ALJ's Notice to Show Cause thereby exhibiting a desire to pursue his Social Security claim; and the fact that no prior reschedulings had been granted. *See* 20 C.F.R. § 416.1436(c) and (d).

**8.** *See Goins v. Harris*, 487 F.Supp. 1200, 1204–05 (N.D.Iowa 1980) (jurisdiction exercised by district court over ALJ's dismissal of plaintiff's request for a hearing).

**9.** We note that the Third Circuit's decisions regarding jurisdiction in Social Security matters other than the initial substantive decision on benefits have presented actions which assert either a constitutional basis for jurisdiction or a dispute concerning a statutory issue. *Rankin v. Heckler*, 761 F.2d 936, 940 n. 5, 6 (3rd Cir.1985); *Kuehner v. Schweiker*, 717 F.2d 813 (3rd Cir. 1983); *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (3rd Cir.1977). Our research fails to reveal any Third Circuit decision addressing the issue of jurisdiction in a Social Security matter on the sole basis that a final decision has been made and internal review procedures have been exhausted.

**10.** Plaintiff's claim, therefore, is an action which is collateral to his substantive claim for benefits, and which is afforded subject matter jurisdiction pursuant to 405(g). *Eldridge*, 424 U.S. at 330, 96 S.Ct. at 900.

We conclude that the ALJ did not consider all of the evidence in the record in determining that plaintiff had failed to show good cause. Therefore, we find the ALJ's decision was not supported by substantial evidence. We will reverse the decision of the ALJ dismissing the plaintiff's request for a hearing and remand for an evidentiary hearing before the ALJ on the merits of plaintiff's claim for benefits.[11]

### ORDER

AND NOW, this 18th day of July, 1989, upon consideration of the Motion to Dismiss by defendant, Otis R. Bowen, M.D., Secretary of Health and Human Services, with briefs in support and in opposition thereof, and consistent with the accompanying opinion, it is

ORDERED, that:

1. The Order of Dismissal of plaintiff's Request for a Hearing by the Administrative Law Judge John J. Stowell of March 10, 1988, is reversed.

2. This matter, Civil Action No. 88–2667, *Granberg v. Otis R. Bowen, M.D., Secretary of Health and Human Services,* is remanded for an evidentiary hearing before an administrative law judge on the merits of plaintiff's claim for benefits.

3. The Clerk of Court is directed to mark this case closed.

11. In light of our determination that we have jurisdiction pursuant to section 405(g), we do not address whether jurisdiction could have been assumed over plaintiff's claim under the mandamus statute, 28 U.S.C. § 1361. *See Eldridge,* 424 U.S. at 332 n. 12, 96 S.Ct. at 901 n. 12; *Kuehner v. Schweiker,* 717 F.2d 813, 819 (3rd Cir.1983).

In addition, we note that section 405(g) confers not only the jurisdiction to handle this matter, but the authority to grant the relief sought. Section 405(g) states "[t]he court shall have power to enter a judgment affirming, modifying or reversing the decision of the Secretary...." 42 U.S.C. § 405(g). *See also Mattern v. Mathews,* 582 F.2d 248, 253 n. 9 (3rd Cir. 1978).