**Steven Harrison SMITH**

v.

### SOCIAL SECURITY ADMINISTRATION.

**Civ. A. No. 97–CV–3406.**

United States District Court, E.D. Pennsylvania.

June 29, 1999.

Steven H. Smith, Philadelphia, PA, pro se.

William B. Reeser, Social Security Admin., Region III, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a civil action brought by Plaintiff, Steven Harrison Smith ("Smith") against Defendant Social Security Administration ("SSA"). Before the Court is SSA's motion to dismiss the plaintiff's Complaint pursuant to Federal Rules 12(b)(1) and/or 12(b)(6) of Civil Procedure. For the following reasons, the 12(b)(1) motion shall be granted, and the complaint is dismissed without prejudice.

### Factual Background

Smith's claims arise out of SSA's decision to deny his social security disability benefits. Smith filed his complaint on May 19, 1997. It states that Smith needs a lawyer to commence proceedings against SSA. On a cases management track designation form, Smith apparently circled and checked the Social Security slot which includes cases requesting review of a decision of the Secretary of Health and Human Services to deny Plaintiff social security benefits. On December 8, 1997, Plaintiff filed an amendment to his complaint. Plaintiff alleged

that he did not receive until December 5, 1997 numerous letters from the Bureau of Disability Determination notifying him of his required medical examination on November 6, 1997. These letters, dated October 17, October 18, October 30, November 20, and November 27, 1997, inform Plaintiff that his failure to provide the required medical evidence documenting his impairment and his subsequent failure to appear at the appointed medical examination may result in the denial of his claim.

### Discussion

#### I. Rule 12(b)(1) Standard

 Dismissal is proper under Rule 12(b)(1) only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous ... When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3rd Cir.1991). *See also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974).

 When a party attacks the factual allegations of jurisdiction, the courts are not limited in their review to the allegations of the complaint. *Sitkoff v. BMW of North America, Inc.*, 846 F.Supp. 380, 383 (E.D.Pa.1994) citing *Moore's Federal Practice* (Second Ed.) at ¢–¶ 12.¢–07[2.–1]. Any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the Court to resolve all factual disputes involving the existence of jurisdiction. *Id.* at 383. In contrast, if the attack to jurisdiction is facial, that is, the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present. *Id.* at note 1. If jurisdiction is based on a federal question, the pleader claiming federal jur-

isdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F.Supp. 416, 419 (W.D.Pa.1993), citing *Bartholomew v. Librandi*, 737 F.Supp. 22 (E.D.Pa.), *aff'd* 919 F.2d 133, 1990 WL 169740 (3rd Cir.1990). Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed. *Kronmuller v. West End Fire Co. No.3*, 123 F.R.D. 170, 172 (E.D.Pa. 1988); *see also Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir.1977).

#### II. Exhaustion of Administrative Remedies

SSA's motion to dismiss invokes 42 U.S.C. § 405(g), the federal statute authorizing the judicial review of decisions by the Social Security Administration. Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner of Social Security may allow.

 Thus, the jurisdictional prerequisite to obtain judicial review under this provision is the exhaustion of all administrative remedies available under the Social Security Act. *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Granberg v. Bowen*, 716 F.Supp. 874, 877 (W.D.Pa.1989); *Sebrell v. Apfel*, No. CIV A.98–516, 1998 WL 614719 (E.D.Pa. Sep.10, 1998).

 Smith apparently seeks review of a decision denying him social security benefits. The Complaint and the Amendment to the Complaint fail to indicate whether

Smith exhausted his administrative remedies.[1] We are mindful that the pro se plaintiff's pleading must be construed liberally by the Court, as pro se plaintiffs are not held to as high a standard as litigants with representation. *Jones v. Omni Bank*, No. CIV. 98–2223, 1998 WL 761869 (E.D.Pa. Oct. 29, 1998)(citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, a pro se plaintiff filing a complaint must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure. *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)). In the case at hand, Smith's status as a pro se plaintiff does not exempt him from the requirement of exhaustion of his administrative remedies prior to the opportunity for judicial review.

For the reasons stated above, Defendant's motion to dismiss Plaintiff's complaint will be granted.

**William GATTER and Marie Parrott Gatter, Plaintiffs,**

v.

**Richard ZAPPILE, et al., Defendants.**

**No. CIV.A. 88–2320.**

United States District Court,
E.D.Pennsylvania.

July 2, 1999.

Joan Gaughan Atlas, Koral, Kahn & Koral, PC, Philadelphia, PA, for William Gatter, Marie Parrott Gatter, Plaintiffs.

1. Under the Code of Federal Regulations, Plaintiff is allowed the opportunity for reconsideration of the initial determination of his claim. 20 C.F.R. §§ 404.909, 404.920. If Plaintiff is not satisfied with the reconsideration of his claim, he may request a hearing before an Administrative Law Judge, whose decision is binding unless one of the parties seeks a review of the decision by the Appeals Council. Only upon either the allowance or denial of the request to the Appeals Council for review is Plaintiff able to seek redress in a

Peter D. Winebrake, City of Philadelphia Law Dept., Philadelphia, PA, for Richard Zappile, Aloysius Martin, Police Officer, Internal Affairs Division, John Norris, Police Officer, Internal Affairs Division, John McGrath, Cynthia O'Leary, City of Philadelphia, defendants.

Linda L. Shafer, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for James Danbach, James Williamson, Special Agent, defendants.

## MEMORANDUM and ORDER

KATZ, Senior District Judge.

In this § 1983 action, two of the defendants, police officers John McGrath and Cynthia O'Leary, move for dismissal pursuant to Federal Rule of Procedure 12(b)(6).

### Background [1]

Plaintiff William Gatter, a retired police sergeant, was indicted and later acquitted at trial on a perjury charge based on his testimony to a federal grand jury that he did not remember anything about an incident in which another police officer named Michael Vassallo allegedly beat an arrestee. Generally, plaintiff alleges that the Internal Affairs Division and the federal/city Joint Task Force on Police Corruption manufactured the charges against Vassallo and then threatened others, including plaintiff, with perjury charges to induce witnesses to testify falsely against Vassallo. Plaintiff claims that as punishment for his unwillingness to go along with the trumped-up accusations against Vassallo, the Task Force indicted him too. He further alleges that this was the Task Force's modus operandi and that the regularity of the conduct constitutes a policy of the Department for which the City can be held liable.

Moving defendants McGrath and O'Leary were the officers manning the patrol wagon in the back of which the beating was alleged to have occurred, and they testified at the grand jury that they complained on the scene to plaintiff about Vassallo's conduct. Plaintiff's grand jury testimony was that he remembered nothing about the incident, and the difference between his testimony and theirs formed the basis for the perjury charge against him. In this case plaintiff alleges, "Defendants McGrath and O'Leary entered into an agreement to provide testimony . . . to supply the basis for [plaintiff's] indictment." Compl. ¶ 27.

The complaint contains seven counts, each of which is apparently alleged against all the defendants: Counts I and II violations of plaintiff's civil rights (presumably a § 1983 claim, although the complaint does not say so, and it is not clear what the difference is between the two counts), Count III false arrest, Count IV malicious prosecution (it is not clear whether III and IV purport to be state law claims or § 1983 claims), Count V conspiracy (again, the complaint does not specify whether it is common law or § 1985), Count VI infliction of emotional distress (based on the allegation that the defendants "were malicious and extraordinarily vindictive," Compl. ¶ 54, the claim is apparently for intentional infliction), and Count VII loss of consortium by Mrs. Gatter.

McGrath and O'Leary presently move to dismiss all the claims against them, arguing that they are absolutely immune from

judicial forum. 20 C.F.R. §§ 404.955, 404.981.