Jane C. BACON, Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services.

No. 91–1978.

United States Court of Appeals, Third Circuit.

Argued May 18, 1992.

Decided July 16, 1992.

Catherine C. Carr (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Eileen Bradley, Chief Counsel, Region III, Stephen M. Walker (argued), Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Michael M. Baylson, U.S. Atty., Lois W. Davis, Asst. U.S. Atty., E.D. Pa., Philadelphia, Pa., for appellee.

Before: HUTCHINSON, COWEN and GARTH, Circuit Judges

## OPINION OF THE COURT

ROBERT E. COWEN, Circuit Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) (1988) seeking review and reversal of a decision of the Secretary of Health and Human Services, denying appellant's claim for Social Security Disability Insurance benefits under Title II of the Social Security Act. We are asked to determine whether the district court had jurisdiction to review the Appeals Council's decision not to entertain Jane Bacon's appeal, which was filed one day late. Because the district court lacked jurisdiction to review this matter, the case must be dismissed.

## I.

Jane Bacon lost the use of her left arm in 1978 and has had serious physical and emotional problems since that time, including diabetes, cataracts, infections and disabling depression. She lost her job after the injury to her arm, and although she looked for new work, she could no longer type and was unable to obtain other employment.

Bacon applied for Social Security disability insurance benefits and had a hearing before an administrative law judge (ALJ) in November 1987. To receive disability insurance benefits, Bacon had to prove that she was disabled prior to December 31, 1982, the date her status as an insured expired. In December 1987, the ALJ found the onset date of her disability to be November 1984 when she developed cataracts, and denied her claim for disability insurance benefits. Bacon appealed this decision to the Social Security Appeals Council, which remanded her case back to the ALJ for further fact-finding regarding Bacon's ability to work prior to 1982. On remand the ALJ heard testimony from a vocational expert who had not testified previously, and on October 27, 1988 issued a decision again finding Bacon disabled as of November 1984, after her insured status expired, and thus denied her disability benefits.

Bacon appealed to the Appeals Council a second time, submitting the appropriate Social Security form and a four-page letter brief dated January 3, 1989. Three and a half months later, the Appeals Council notified Bacon for the first time that there was a problem with her appeal. A letter from a hearing analyst stated that the request for review had been postmarked on January 4, 1989 and was thus filed one day after the 60-day deadline for filing a request for review. *See* 20 C.F.R. § 404.968(a)(1)(1991). Bacon was informed that unless good cause was shown for the day late filing, her request for review would be dismissed. Bacon's attorney wrote back that the late filing was due to an "inadvertent and inexplicable" oversight in the mailroom at her office. On June 19, 1989, the Appeals Council dismissed Bacon's request under 20 C.F.R. § 404.971 (1991), finding that no good cause existed to extend her time for filing a request for review.

Bacon filed a complaint in district court seeking review of the dismissal by the Appeals Council. The Secretary moved to dismiss the case for lack of jurisdiction, arguing that by not timely presenting her appeal to the Appeals Council, Bacon failed to exhaust her administrative remedies, and

consequently there was no reviewable "final decision" for the purposes of 42 U.S.C. § 405(g). On February 5, 1990, the district court found that Bacon showed good cause for filing her untimely request. The district court denied the Secretary's motion to dismiss and remanded the case back to the Appeals Council to decide the case on the merits. On August 14, 1990, the Appeals Council denied Bacon's claim on the merits and upheld the ALJ's decision of October 27, 1988. Again Bacon appealed to the district court to review the Appeals Council's decision. On this second appeal to the district court, both Bacon and the Secretary filed cross-motions for summary judgment. The district court granted summary judgment on the merits in favor of the Secretary. Bacon then filed a motion for reconsideration, which the district court denied. This appeal followed.

Once again the Secretary raises the original defense he raised when first before the district court, *i.e.,* that the district court lacked jurisdiction to review the Appeals Council decision not to consider an untimely appeal. This court has jurisdiction to review the district court's final order under 28 U.S.C. § 1291 (1988).

### II.

The central issue in this case is whether the district court had jurisdiction to review the Appeals Council's decision not to entertain Bacon's appeal, which was filed one day late. Before reaching the order of the district court which granted summary judgment on the merits in favor of the Secretary, we must first consider whether the district court had jurisdiction to review the matter in the first place. We hold that because the Appeals Council's decision to refrain from considering Bacon's untimely request for review was not a "final decision" of the Secretary subject to judicial review, we must vacate both the judgment of the district court which found good cause for Bacon's untimely filing and its judgment which adjudicated the matter on the merits.

Federal courts are not courts of general jurisdiction; they have only power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant to that Article. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Thus, Congress may prescribe the procedures and conditions under which federal courts may review administrative orders. *Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336, 78 S.Ct. 1209, 1218, 2 L.Ed.2d 1345 (1958). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender,* 475 U.S. at 541, 106 S.Ct. at 1331 (citation omitted). If the record discloses that the district court was without jurisdiction to review Bacon's appeal, this court can raise the question of its and the district court's jurisdiction at any time during the course of the judicial process. When the lower federal court lacks jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *United States v. Corrick,* 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263 (1936).

### A.

■ The threshold question in this case is whether the decision of the Appeals Council not to consider Bacon's untimely request for review was a "final decision" of the Secretary subject to judicial review under 42 U.S.C. § 405(g). We hold that it was not.

Title II of the Social Security Act limits judicial review to "final decisions" of the Secretary of Health and Human Services.

> Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action....

42 U.S.C. § 405(g) (emphasis added). A "final decision" is a particular type of agency action, and not all agency determinations are final decisions. *See, e.g., Califano v. Sanders,* 430 U.S. 99, 107–08, 97

S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977) (judiciary may not review Secretary's decision refusing to reopen claim for disability benefits). The Social Security Act does not define "final decision"; its meaning is left to the Secretary to define by regulation. Under the regulations, an Appeals Council decision to dismiss an untimely request for review is not a final decision within the meaning of section 405(g) such that the district court would have jurisdiction to review that decision. The regulations provide:

§ 404.968 How to request Appeals Council review.

(a) ... You may file your request—

(1) Within 60 days after the date you receive notice of the hearing decision or dismissal (or within the extended time period if we extend the time as provided in paragraph (b) of this section);

(b) ... You or any party to a hearing decision may ask that the time for filing a request for the review be extended.... If you show that you had good cause for missing the deadline, the time period will be extended.

. . . . .

§ 404.971 Dismissal by Appeals Council.

The Appeals Council will dismiss your request for review if you did not file your request within the stated period of time and the time for filing has not been extended.

. . . . .

§ 404.972 Effect of dismissal of request for Appeals Council review.

The dismissal of a request for Appeals Council review is binding and not subject to further review.

20 C.F.R. §§ 404.968, 404.971, 404.972 (1991).

Bacon urges us to interpret the phrase "[t]he dismissal of a request for Appellate Council review is binding and not subject to further review," 20 C.F.R. § 404.972, to mean that such a dismissal constitutes a final decision by the Secretary. Rather than creating a "final decision," the plain language of the regulation clearly estab-

lishes that such a dismissal is not subject to judicial review at all.

The regulations state that the Appeals Council may dismiss a claimant's request for review if she does not file the request within 60 days and the Appeals Council has not extended the time for filing upon finding good cause for missing the deadline. 20 C.F.R. §§ 404.968, 404.971. The regulations provide further at 20 C.F.R. § 404.972 that the Appeals Council's dismissal of a complaint is not subject to further review. Thus, when the Secretary declined to consider Bacon's untimely request for Appeals Council review because the claimant failed to show the requisite good cause, the Secretary's action became unreviewable. *Cf. Penner v. Schweiker*, 701 F.2d 256, 261 (3d Cir.1983) (constitutional claim alone conferred jurisdiction on district court to review Secretary's denial of claimant's request for a hearing). The Appeals Council acted within its discretion when it refused to review Bacon's untimely appeal, and the district court's exercise of jurisdiction questioning the proper exercise of discretion by the Appeals Council was unauthorized.

With one exception, every court of appeals which has addressed this question has held that the Appeals Council may dismiss untimely requests for review of ALJ decisions, and such dismissals are not reviewable by district courts because they are not "final decisions." *See Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir.1990); *Turner v. Bowen*, 862 F.2d 708, 709–710 (8th Cir.1988); *Harper by Harper v. Bowen*, 813 F.2d 737, 743 (5th Cir.), *cert. denied*, 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987); *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir.1986); *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir.1983); *Watters v. Harris*, 656 F.2d 234, 238–39 (7th Cir.1980). Only one circuit has held that a district court may review an Appeals Council decision denying an untimely appeal from an ALJ hearing. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *see also Stone v. Heckler*, 778 F.2d 645, 648 (11th Cir.1985) (*Bloodsworth* still binding in 11th Circuit). We join the majority view that Appeals Council deci-

sions not to review untimely appeals are not "final decisions," and hence are not subject to judicial review. The district court erred *ab initio* in considering this case, because there was no final decision of the Secretary before it.

The regulations also characterize certain actions by the Secretary as "initial determinations," which are subject to judicial review. Examples of administrative actions which are "initial determinations" are given in 20 C.F.R. § 404.902 (1991). These include findings of fact and decisions as to the rights of any individual applying for a payment, and as such are subject to administrative and judicial review under 42 U.S.C. §§ 405(b)(1) and 405(g) (1988) respectively. One type of agency action which is expressly listed as an example of an action which is *not* an initial determinations is the denial of a "request to extend the time period for requesting review of a determination or decision." 20 C.F.R. § 404.903(j) (1991). Such a denial therefore is neither a "final decision" of the Secretary nor an "initial determination" subject to judicial review.

### B.

■ Bacon urges us to view the day late filing not as a jurisdictional issue, but rather as a failure to exhaust administrative remedies. First she argues that she showed good cause for filing her appeal one day late and that the district court had jurisdiction to review her position that she had good cause. In the alternative, she argues that even if she failed to show good cause for her untimely filing, the Secretary waived the requirement that she exhaust administrative remedies. Because we hold that the district court lacked jurisdiction in the first instance, her exhaustion and waiver arguments are without merit.

Bacon asserts that because "unusual circumstances" prevented the timely filing of her second appeal to the Appeals Council, she satisfied the good cause requirements of 20 C.F.R. § 404.911(b) (1991). Further, she argues that she fully complied with the exhaustion requirement because she had a hearing, drafted her request for review and submitted it to the mail room at her attorney's office within 60 days, and had no further recourse from the agency. Consequently, she maintains that the district court properly exercised jurisdiction. She relies on the Eleventh Circuit's decision in *Bloodsworth*, urging that the government's position "would leave a claimant permanently in limbo" without any right to judicial review. 703 F.2d at 1239. She argues that "to impose as a penalty for inadvertent delinquency a complete bar to administrative or judicial review of the merits of a claim is harsh, inappropriate and neither compelled by law nor reason." *Spalsbury v. Richardson*, 347 F.Supp. 785, 789 (W.D.Mich.1972). To the contrary, we conclude that the Appeals Council was well within its discretion to refuse to hear Bacon's appeal. The Secretary acted within the bounds of both the Act and his own regulations in dismissing Bacon's untimely request for review. Only the Secretary has authority to determine whether a claimant has shown good cause for an untimely filing. In this case, the district court had no jurisdiction to determine that Bacon demonstrated good cause for filing her appeal one day late.

Under certain limited circumstances, an Appeals Council determination not to review a claimant's late filing may constitute a "final decision" for purposes of judicial review, and the claimant's appeal, despite being late, may nevertheless satisfy the exhaustion requirements. In *Penner*, for example, this court found that the district court had jurisdiction to review the Secretary's refusal to grant a hearing, but only because the claimant raised a colorable constitutional claim that his due process rights were violated. 701 F.2d at 260–61. Bacon has not explicitly raised a comparable constitutional claim in this case. *See Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir.1976) (new issue cannot be considered on appeal if it was not raised below). Bacon claimed no violation of her constitutional rights when she originally sought judicial review under 42 U.S.C. § 405(g) of the Appeals Council's dismissal of her case. Consequently, she has waived any alternative claims for re-

lief. *Ettinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 835 F.2d 1031, 1036 (3d Cir.1987). Indeed, there are no constitutional challenges to the regulations in this case. Bacon received all the process due to her, and the dismissal of her claim was unreviewable.

■ Bacon next argues that the Secretary's failure to appeal the district court's remand to the Appeals Council constituted a waiver of the exhaustion requirement. In *Rankin v. Heckler*, 761 F.2d 936 (3d Cir.1985), we held that a waiver of exhaustion of administrative remedies may be found where the claimant raises constitutional issues or where the claimant raises statutory issues upon which the Secretary has taken a final position, rendering futile any attempt to pursue further administrative remedies. *Id.* at 940–41. Further, we held that a claimant's failure to exhaust administrative remedies could be waived by the Secretary's failure to object on that ground when the claimant's answer was filed. *Id.* at 941. Bacon satisfies none of these conditions.

Unlike the jurisdiction requirement, the requirement that a claimant exhaust administrative remedies is waivable. In *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court held that unlike the non-waivable jurisdictional issue, exhaustion can be waived without impacting on court jurisdiction over a claim brought pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g). This court has recognized that in some circumstances exhaustion under section 405(g) is not a jurisdictional issue but rather a technical objection that can be waived without impacting upon jurisdiction and which must be properly raised and protected in order to be heard. *Rankin*, 761 F.2d at 940. In this case, however, the Secretary's action following remand, considering and denying Bacon's request for review, cannot be considered a waiver of jurisdiction.

Although the Secretary could have waived the exhaustion requirements, litigants are not empowered to concede or waive a court's jurisdictional requirements.

*Cf. Bender*, 475 U.S. at 541, 106 S.Ct. at 1331. The Secretary's action following remand did not and indeed could not constitute a waiver of jurisdiction. "Of course, jurisdiction is never waived; indeed this Court can always raise it on its own motion, and we are continuously required to discern whether we have jurisdiction over a case or controversy before ruling upon its merits." *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1461 n. 7 (3d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990). The district court was without jurisdiction to review this action.

### C.

In answer to Bacon's appeal to this court, the Secretary does not ask us to affirm the district court's summary judgment on the merits in his favor, but rather seeks to have this court vacate the judgment of the district court and direct that a dismissal be entered by that court for lack of jurisdiction. Bacon argues that in order to obtain such extreme relief, the Secretary was required to file a cross-appeal pursuant to Fed.R.App.P. 4(a)(3). Generally, an appellee who has not filed a cross-appeal may not attack a district court decision with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary. *See Morley Constr. Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 328, 81 L.Ed. 593 (1937); *United States v. Tabor Court Realty Corp.*, 943 F.2d 335, 342 (3d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1167, 117 L.Ed.2d 413 (1992). Without filing a cross-appeal, an appellee can only respond to the points on appeal raised by the appellant. In this case, however, since we have found that the district court was without jurisdiction to review the Appeals Council dismissal of Bacon's appeal, the Secretary was not obliged to file a cross-appeal to this court, nor was he obliged to file an appeal from the district court's original remand to the Appeals Council.

■ Even if the district court had properly exercised jurisdiction, its remand to the Appeals Council did not constitute an

appealable final decision for the purposes of 28 U.S.C. § 1291, and the Secretary would have been without recourse to appeal to this court at that time. Remands to administrative agencies for further proceedings are normally not appealable. *United Steelworkers of America Local 1913 v. Union R.R.*, 648 F.2d 905, 909 (3d Cir.1981).

In *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Supreme Court carved out a narrow exception to the rule that remands to administrative agencies are generally not appealable. There, a district court's order remanded a spouse's claim for disability insurance benefits to the Secretary for reconsideration without regard to the applicable regulations, which the order essentially invalidated. *Id.* 110 S.Ct. at 2661. The Supreme Court closely analyzed section 405(g), which governs judicial review of the Secretary's decisions granting or denying benefits under the Social Security Act. The Court determined that section 405(g) provides for two types of remands: 1) a final judgment, accompanied by a remand; and 2) a remand for further factfinding or similar proceedings prior to the entry of a final judgment. Setting forth a number of criteria for its decision, the Court concluded that the order remanding the case to the Secretary for rehearing constituted a "judgment" within the meaning of section 405(g), and therefore a "final judgment" under section 1291. *Id.* 110 S.Ct. at 2664–65. In that case, the district court's remand order was unquestionably a "judgment" because

it terminated the civil action challenging the Secretary's final determination that

respondent was not entitled to benefits, set aside the determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue. Furthermore, should the Secretary on remand undertake the inquiry mandated by the District Court and award benefits, there would be grave doubt ... whether he could appeal his own order.

*Id.* 110 S.Ct. at 2664.

In *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court elaborated upon its holding in *Finkelstein*. In another sentence-by-sentence analysis of section 405(g),[1] the Court explicitly stated that only two kinds of remands are permitted under the statute:

Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.

*Id.* 111 S.Ct. at 2164. The Court concluded that in section 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. *Id.* 111 S.Ct. at 2165. In Bacon's case, the district court's order meets neither of these criteria. It is not a sen-

---

1. Sentence four of 42 U.S.C. § 405(g) provides:
   The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.
   Sentence six provides:
   The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Id.*

tence four case, because there was no final judgment affirming, modifying or reversing a final judgment of the Secretary, nor is it a sentence six case, because there were no postremand fact finding proceedings to be undertaken.

When the district court originally heard this matter, it held that Bacon showed good cause for her untimely filing, and remanded her case to the Appeals Council for review on the merits. The district court had no jurisdiction to hear the case in the first instance. Even if the district court had properly exercised jurisdiction, its remand order did not terminate the civil action, set aside the Secretary's determination, or preclude the Secretary from applying the applicable regulatory requirements on remand. The district court decision struck down no important provisions of the Secretary's regulations, nor did it establish any precedent likely to create administrative problems for the Secretary. The Appeals Council would have still been free on remand to reject Bacon's claim on the merits.

Accordingly, the fact that the Secretary filed no appeal from the district court's remand order is of no moment in this case. The district court was not authorized to exercise jurisdiction over the Appeals Council's decision not to entertain Bacon's appeal. Because the district court lacked jurisdiction to hear Bacon's appeal, its judgment must be vacated.

### III.

Because the district court lacked jurisdiction to review the Secretary's dismissal of Bacon's claim, we will vacate the judgment of the district court and remand this matter with instructions to dismiss Bacon's case for want of jurisdiction, there being no "final decision" by the Secretary under 42 U.S.C. § 405(g). Each party to bear its own costs.