USCA1 Opinion

 

 December 8, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1484 YURI M. ROTHMAN, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Yuri M. Rothman on brief pro se. _______________ Donald K. Stern, United States Attorney, Charlene A. Stawicki, ________________ _____________________ Special Assistant United States Attorney, Donna McCarthy, Assistant ______________ Regional Counsel, United States Department of Health and Human Services, Randolph W. Gaines, Acting Chief Counsel for Social ____________________ Security, John M. Sacchetti, Chief, Retirement Survivors and ____________________ Supplemental Assistance Litigation Branch, and Mark S. Ledford, _________________ Attorney, United States Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Yuri Rothman seeks to challenge __________ various administrative determinations regarding his entitlement to Social Security disability benefits. Given the cryptic nature of his submissions, both below and on appeal, the precise issues being raised are not readily decipherable. To the extent claimant is challenging the finding, reached by the Administrative Law Judge (ALJ) in a 1990 decision, that he was not disabled between 1979 and 1984, this claim was properly dismissed for lack of jurisdiction. The Appeals Council rejected his untimely request for review of the ALJ's decision after finding that he had failed to establish the requisite good cause. As has been widely held, such a dismissal is not a "final decision" for the purposes of 42 U.S.C. 405(g) and thus is not reviewable in federal court. See, e.g., Bacon v. Sullivan, ___ ____ _____ ________ 969 F.2d 1517, 1519-21 (3d Cir. 1992) (citing cases). To the extent claimant is challenging the ALJ's finding that he was ineligible for disability benefits after September 1984 due to the earlier expiration of his insured status, his claim was subject to dismissal on the same ground. The district court, in dismissing this claim for lack of jurisdiction, did so without prejudice--apparently in the belief that it was the subject of pending administrative action. The record reveals, however, that the ALJ addressed this matter in his 1990 decision. Since the government has -3- not expressed any concern on the point, we leave the judgment as it stands and mention the matter only for purposes of clarity. Finally, claimant challenges the determination that he received, and was obligated to repay, some $24,000 in benefits that were "overpaid." To the extent he is disputing the existence and amount of such overpayment, this claim arguably was subject to dismissal with prejudice as well; the record reveals that the ALJ addressed these matters in an intervening 1993 decision from which claimant filed no appeal (a decision which neither party apparently brought to the attention of the district court). In any event, given the Secretary's recent decision to waive repayment of such benefits, this matter is now moot. The judgment is affirmed. The motion to supplement ________________________________________________________ record is allowed. __________________ -4-