

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Nicosia v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4589

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nicosia v. Comm Social Security" (2005). *2005 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4589

SALVATORE NICOSIA,
Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-02078)
District Judge:  Honorable James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges.

(Filed:  December 20, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Salvatore Nicosia appeals the dismissal of his action for judicial review of the

Commissioner of Social Security's decision to deny his request for a waiver of an

overpayment.  Our jurisdiction arises under 28 U.S.C. § 1291.  For the reasons set forth

below, we will affirm.

## I.

Salvatore Nicosia received disability payments from the Social Security Administration ("SSA") from September 1992 until October 1995. He informed the SSA promptly when he began working in September 1993, however, the benefits he received did not reflect his changed employment status. Due to the Administration's error, Nicosia received approximately $7,000 in benefits to which he was not entitled.

For the most part, Nicosia's attorney appears to have been diligent in corresponding with the SSA about his client's health and work status. Nonetheless, the Administration informed Nicosia in November 1995 that it would seek reimbursement for the overpayment in benefits. Nicosia sought a waiver of overpayment recovery, which the SSA denied on June 17, 1999. At that time, the Administration informed Nicosia that he could appeal the denial to an Administrative Law Judge ("ALJ") within 60 days. Nicosia did not do so for more than fourteen months, and both the ALJ and Appeals Council dismissed his administrative appeal as untimely. When Nicosia sought judicial review of this decision, the District Court dismissed for lack of subject matter jurisdiction.

## II.

The district courts have jurisdiction to review decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). Only final decisions may be reviewed by the

2

courts. In this Circuit, as in the majority of others, a pre-hearing dismissal by an ALJ or the Appeals Council of an untimely request for a hearing is not a final decision under § 405(g), and therefore not subject to review. *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992); *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir. 1983).

Nicosia argues that applying this rule to the instant case produces an unjust result because it was only due to the Administration's mistake that he is in a position where he is required to return the overpayments. Had the SSA responded promptly when Nicosia informed it that he was working, he would never have had to seek a waiver of overpayment recovery or have been required to appeal within sixty days when the waiver was denied. The SSA contends that Nicosia should have realized he would not be entitled to full benefits after the trial work period. By continuing to cash the benefits checks he received, the Administration urges that Nicosia made himself liable for the overpayments, regardless of SSA's own negligence.

In *Bacon*, we applied the rule that a pre-hearing dismissal by an ALJ or the Appeals Council of an untimely request for a hearing is not subject to review, despite the fact that the result was arguably *more* unjust than in the instant case. In that case, the SSA dismissed Jane Bacon's appeal to the Appeals Council because it was post-marked just one day late due to the negligence of her attorney's mail room. Nevertheless, this Court held that the district court did not have jurisdiction to review the Appeals Council's decision not to entertain Bacon's appeal because it was not a final order.

3

*Bacon*, 969 F.2d at 1520-21. The same reasoning applies here to deny the District Court of subject matter jurisdiction under 42 U.S.C. § 405(g).[1]

### III.

Nicosia could also establish subject matter jurisdiction by raising a colorable constitutional claim that is collateral to the substantive claim of entitlement. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). Thus, we found in *Penner* that, despite the fact that the district court lacked subject matter jurisdiction under 42 U.S.C. § 405(g), it had jurisdiction to consider a due process claim where the SSA failed to follow its own notification procedures. 701 F.2d at 260-61.

Nicosia raises a due process claim in the instant case, arguing that "he was not afforded the opportunity to exhaust his administrative remedies." (Appellant Br. at 22.) This is incorrect. Nicosia and his attorney were notified of the SSA's decision on June 17, 1999 to deny his request for a waiver of overpayment recovery and informed that they had sixty days to appeal. This notification provided Nicosia with the opportunity to exhaust his administrative remedies. Moreover, the constitutional violation he alleges is directly related to his entitlement claim, and therefore does not provide independent grounds for jurisdiction. Nicosia "received all the process due to [him], and the

---

[1]Nicosia also claims the District Court should have reviewed the administrative record before determining that it lacked subject matter jurisdiction. This argument is without merit. It was not necessary for the District Court to review the full administrative record to determine that the pre-hearing dismissal of Nicosia's untimely request for a hearing was not a final order.

dismissal of [his] claim was unreviewable." *Bacon*, 969 F.2d at 1522.

Finding no error, we will affirm the District Court