**Paul Carey CALLENDER, Appellant**

v.

**SOCIAL SECURITY ADMINISTRATION.**

No. 07–4069.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 18, 2008.

Filed April 23, 2008.

Paul Carey Callender, Atlantic City, NJ, pro se.

Office of United States Attorney Social Security Administration, New York, NY, for Social Security Administration.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Paul Callender, proceeding *pro se*, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint for lack of jurisdiction. We will affirm.

In 2001, Callender applied for Supplemental Security Income ("SSI") benefits. On July 24, 2003, an Administrative Law Judge issued a partially favorable decision finding Callender disabled, but not before July 14, 2003. Callender was advised of his right to file a request for review with the Appeals Council within 60 days of his receipt of the decision, as required by 20 C.F.R. § 416.1468. On March 3, 2004, more than five months after the 60–day time period expired, Callender filed a request for review. On July 9, 2004, the Appeals Council found that Callender had not shown good cause for missing the deadline, and dismissed his request for review because it was untimely. The Appeals Council informed Callender that, under its rules, the dismissal was not subject to further review. *See* 20 C.F.R. § 416.1472.

Two years later, on July 11, 2006, Callender filed a complaint in the District Court seeking review of the ALJ's decision. The District Court granted the Social Security Administration's motion to dismiss Callender's complaint for lack of jurisdiction because Callender had not obtained a final decision of the Commissioner of Social Security. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ Jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g), which provides, in relevant part: "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] ... may obtain a review of such decision by a civil action...." The same rule applies to SSI cases. 42 U.S.C. § 1383(c)(3). Ordinarily, judicial review is barred absent a "final decision" by the Commissioner of Social Security. *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir.1998). Under the regulations, a "final decision" is one rendered after a claimant has completed a four-step administrative review process, the last step being a review by the Appeals Council. 20 C.F.R. § 416.1400(a).

■ The "final decision" requirement consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be waived by the Secretary in a particular case. *Fitzgerald*, 148 F.3d at 232 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). The waivable element is the requirement that the administrative reme-

dies prescribed by the Secretary be exhausted. *Id.* The nonwaivable element is the requirement that a claim for benefits be presented to the Secretary. *Id.* If a plaintiff's claim is collateral to her claim for benefits, exhaustion may be waived under certain circumstances. *Id.* at 234.

Callender's claim is not collateral to his claim for benefits. In his complaint, he sought review of the ALJ's decision that he was not entitled to disability benefits until July 14, 2003. The Social Security Administration raised Callender's failure to exhaust in its motion to dismiss. Callender has not shown any basis to waive the exhaustion requirement. Because he did not obtain a "final decision," the District Court correctly held that judicial review of the ALJ's decision is barred.

In his brief, Callender challenges the Appeals Council's dismissal of his request for review. The Appeals Council's decision not to consider his untimely request for review, however, is not a "final decision" subject to judicial review under § 405(g). *Bacon v. Sullivan,* 969 F.2d 1517, 1519 (3d Cir.1992). Although we recognized in *Bacon* that the Appeals Council's decision not to review a claimant's late filing may constitute a "final decision" for purposes of judicial review where a colorable constitutional claim is raised, *id.* at 1521, Callender has not raised such a claim.

Accordingly, we will affirm the order of the District Court.