**CLD-105**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4320
_____

CRAIG ANDRE NEAL,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Misc. No. 10-mc-00033)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted for Possible  Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 3, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed :  February 28, 2011)
_____

OPINION
_____

PER CURIAM

        Craig Neal, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the United

States District Court for the Eastern District of Pennsylvania dismissing his "Petition to

Vacate Foreign Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" for lack of jurisdiction.

1

We will affirm the judgment of the District Court.

Neal was convicted of drug-related charges in the United States District Court for the Middle District of Florida in 2002. He received a life sentence. The United States Court of Appeals for the Eleventh Circuit affirmed on direct appeal. Neal then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida, which was denied. In 2007, the Eleventh Circuit Court of Appeals denied Neal's request for a certificate of appealability and his subsequent motion for reconsideration. According to Neal, he also filed a petition for a writ of certiorari in the United States Supreme Court, which was denied.

Neal then filed a "Petition to Vacate Foreign Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" in the United States District Court for the Eastern District of Pennsylvania. Neal asserted that the Eleventh Circuit Court of Appeals denied his request for a certificate of appealability "based upon an incorrect standard of review." Petition at 4. Neal argued that he made the showing required by Slack v. McDaniel, 529 U.S. 478 (2000), for a certificate of appealability, and that the court of appeals erred by assessing the ultimate merits of his claims. Neal stated that the "Third Circuit has the power to vacate the judgment of the Eleventh Circuit court [sic] of Appeals even at the district court level in order to avoid a complete miscarriage of justice." Petition at 8.

The District Court construed Neal's petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Explaining that such a petition must be filed in the jurisdiction where a prisoner is confined, the District Court dismissed the petition for lack of jurisdiction because Neal is confined in Florida. This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).

We disagree with the District Court that Neal's petition should be construed as a petition for a writ of habeas corpus pursuant to § 2241. A § 2241 habeas petition is used by a federal prisoner who seeks to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Neal does not challenge the execution of his sentence. Rather, he seeks an order vacating the order of the Eleventh Circuit Court of Appeals, which denied his request for a certificate of appealability in his collateral proceedings. Although we disagree with the District Court in this regard, there is no question that the District Court lacked jurisdiction to entertain Neal's petition. Federal courts "have only power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant to that Article." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Neal has not cited, nor can he cite, any authority authorizing the District Court to review the order of the United States Court of Appeals for the Eleventh Circuit.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See Lozano v. City of Hazleton, 620 F.3d 170, 202-03 (3d Cir. 2010) (affirming district court conclusion on other grounds).