NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4060

SARA L DOOLIN,
Appellant

v.

JAMES KASIN;
GOVERNOR JUAN F. LUIS HOSPITAL AND MEDICAL CENTER;
GREGORY MOORMAN MD

Appeal from the District Court of the
Virgin Islands, Division of St. Croix
(Civ. No. 1-07-cv-00079)
District Judge: Hon. Harvey Bartle, III

Argued: December 15, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH,
*Circuit Judges*

(Opinion filed: March 28, 2011)

ALAN R. FEUERSTEIN, ESQ. (Argued)
Feuerstein & Smith, LLP
17 St. Louis Place
Buffalo, NY 14202
and
P.O. Box 502008
St. Thomas, USVI 00805
*Attorneys for Appellant*

JAMES L. HYMES, III, ESQ. (Argued)
Law Offices of James L. Hymes, III, P.C.
P.O. Box 990 (10 Norre Garde)
St. Thomas, USVI 00804
*Attorney for Appellees*

OPINION

McKEE, *Chief Judge*.

Sara L. Doolin filed a medical malpractice complaint against James V. Kasin, M.D., Gregory Moorman, M.D., and the Governor Juan F. Luis Hospital and Medical Center. Upon the defendants' motion, the district court dismissed Doolin's complaint. The court concluded that it lacked subject matter jurisdiction because Doolin had not complied with the pre-filing requirements of the Virgin Islands statute governing medical malpractice actions, 27 V.I.C. §166i. *Doolin v. Kasin*, 2009 WL 258738 at *2-3 (D.V.I. Aug. 19, 2009).[1] Doolin then filed this appeal. However, we need not address the merits of the district court's jurisdictional holding. Instead, for the reasons that follow, we will vacate the district court's order and will remand for the district court to determine whether it had diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**FACTS**

Doolin, a nurse and resident of the state of Florida, was recruited in June of 2005 to assist in the formation of an open heart surgery program at the Governor Juan F. Luis Hospital and Medical Center in St. Croix, United States Virgin Islands (the "Hospital"). While in St. Croix, she detected a small nodule on her right breast. On August 26, 2005, Gregory Moorman, M.D., an obstetrician-gynecologist, performed a biopsy on the nodule. Dr. Moorman sent the specimen to James V. Kasin, M.D., a pathologist, for a determination of the nature of the specimen.

---

[1] Those requirements are discussed in the district court's opinion and need not be repeated here. 2009 WL 2578738 at *2.

2

Kasin examined the specimen and prepared a pathology report in which he concluded that Doolin had focal intraductal carcinoma accompanied by fibrocystic changes, i.e., breast cancer. Kasin sent the report to Moorman who relayed the results to Doolin. Drs. Moorman and Kasin are employees of the Hospital.

On September 9, 2005, Doolin traveled to Owensboro, Kentucky, to consult with a surgeon, Dr. Gerald Edds, about her diagnosis. Based on Kasin's report, Edds scheduled Doolin for an immediate lumpectomy. Dr. George Gilliam performed the lumpectomy at Owensboro Mercy Health System on or about September 9, 2005. Neither the specimen removed during the lumpectomy, nor the post surgical mammogram showed evidence of cancer. Nevertheless, Gilliam, in reliance on the Kasin report, referred Doolin to an oncologist to receive precautionary treatment. The oncologist to whom Doolin was referred performed tests on the original pathology slides that Kasin had prepared and determined that Doolin had never had cancer and that Kasin had misdiagnosed her.

## PROCEDURAL HISTORY

On June 15, 2007, Doolin filed a copy of her proposed complaint with the Medical Malpractice Review Committee pursuant to 27 V.I.C. § 166i.[2] On June 28, 2007, Doolin filed the complaint in the district court, pursuant to 28 U.S.C. § 1332, against Kasin, Moorman and the Hospital, seeking to be compensated for pain and suffering related to her misdiagnosis and for having to undergo unnecessary treatments, including medications and surgery.

---

[2] *See* n.1, *supra*.

Kasin, Moorman and the Hospital filed a motion for summary judgment challenging the district court's jurisdiction on two grounds. First, they argued that Doolin's failure to comply with the pre-filing requirements of the Virgin Islands statute governing medical malpractice claims, 27 V.I.C. § 166i, deprived the district court of subject matter jurisdiction. Second, they argued that diversity jurisdiction does not exist because the Hospital is a part of the government of the Virgin Islands.

The district court treated the motion for summary judgment as a motion to dismiss because the motion contested the district court's subject matter jurisdiction and did not ask for a decision on the merits of Doolin's action. 2009 WL 2578738 at *1, n.1. As noted, the district court granted the motion to dismiss for lack of subject matter jurisdiction because of Doolin's failure to comply with the pre-filing requirements of the Virgin Islands statute. It did not address the defendants' argument that there is no diversity jurisdiction.

Based upon our concern that the district court may not have had diversity jurisdiction, we directed the Clerk to send the following letter to counsel, and asked them to address that issue:

> In 1990, the Virgin Islands enacted legislation divesting the District Court of the Virgin Islands of original jurisdiction for local civil matters by vesting that jurisdiction in territorial courts. *See* 4 V.I.C. § 76(a); *see also Edwards v. Hovensa, LLC,* 497 F.3d 355, 358 (3d Cir. 2007). Accordingly, the District Court's jurisdiction must be grounded in either diversity jurisdiction under 28 USC § 1332 or federal question jurisdiction under § 1331. *See* 48 USC § 1612(a). Although the defendants asserted in their motion for summary judgment that diversity jurisdiction was lacking, the District Court did not address the issue. If the District Court did not

4

have diversity jurisdiction, then we also lack jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (restating that "'if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on the appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'") (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)); *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992). In light of the above, the parties are directed to file supplemental letter briefs addressing whether the District Court had diversity jurisdiction. The letter briefs may not exceed seven pages and shall be filed on or before November 8, 2010.

Counsel have complied with our request.

## DISCUSSION

### A. Did the district court have diversity jurisdiction?[3]

Section 1332 of Title 28 of the United States Code provides, in relevant part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (1) citizens of different States;

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> (e) the word "States," as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

---

[3] "We exercise plenary review in determining whether the district court was vested with subject matter jurisdiction." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citation omitted).

5

28 U.S.C. § 1332(a)(1), (e).

As noted, Doolin is a citizen of Florida. Kasin and Moorman are citizens of St. Croix, United States Virgin Islands. The Hospital is owned by the Government of the Virgin Islands.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). "At the same time, however, [the Supreme] Court has recognized that a political subdivision of a state, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." *Id.* (footnote and citations omitted). The same rule applies to the territories, including the Virgin Islands. *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996); *see also* 28 U.S.C. § 1332(e).

In determining whether alter ego status is appropriate, a court must perform the same analysis as is required to determine Eleventh Amendment immunity. *Blade v. Kline*, 612 F.2d 718, 726 & n.16 (3d Cir. 1979). In *Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233 (3d Cir. 2005), we set forth the Eleventh Amendment immunity analysis:

> [T]o determine whether a suit against an entity is actually a suit against the state itself, we must consider: (1) the source of the money that would pay the judgment (i.e., whether that source would be the state); (2) the status of the entity under state law; and (3) the degree of autonomy the entity has.

*Id.* at 239 (citation omitted). The three factors are co-equal and no one factor has primacy. *Id.* at 239-40 (citations omitted).

6

In his responsive letter brief, Doolin's counsel contends that the Hospital is a separate operating entity from the Government of the Virgin Islands for purposes of subject matter jurisdiction and is, therefore, a "citizen" and a proper diverse party to this litigation. He has attached an appendix to his letter brief that contains documents which were produced by the Hospital in response to his interrogatories and document production requests. Doolin's counsel believes these documents demonstrate that the Hospital is organized as a separate entity and corporation run without interference or operational oversight by the Government of the Virgin Islands, and he has included numerous exhibits to support that contention including the Hospital's bylaws, and other documents that he contends show that the hospital functions as a private entity. For all of these reasons, Doolin's counsel contends that all records produced by the Hospital show that it is financially independent without reliance on the government, pays its own debts and generates its own revenues such that it would pay any judgment from its own revenues.

However, we do not believe that Doolin's counsel's submission demonstrates that the Hospital is a citizen for diversity jurisdiction purposes. Significantly, although he claims that the Hospital has the capacity to pay a judgment against it, he offers no authority for that claim other than his own *ipse dixit* to that effect.

Of course, the Hospital, Kasin and Moorman claim that the Hospital is owned by the Government of the Virgin Islands without separate legal status and, therefore, it is not a citizen for purposes of diversity jurisdiction. That claim is based on an unreported district court case, *Hospital Resource Management, L.C. v. Gov. Juan F. Luis Hospital*

7

*and Medical Center and the Virgin Islands Hospital & Health Care Facilities Corp.*, No. 2003/0056 (D.V.I. June 7, 2004).

It appears that *Hospital Resources* in the only case addressing the issue of whether the Hospital can be a considered a citizen for diversity purposes. Based on that case, one could conclude that a suit against the Hospital is a suit against the Government of the Virgin Islands and/or that the Hospital is an alter ego or arm of the Government of the Virgin Islands. Either way, the Hospital is not a citizen for diversity purposes.

However, the court in *Hospital Resources* did not determine whether any judgment against the Hospital would be paid by the Government of the Virgin Islands, which is one of the factors in the *Benn* Eleventh Amendment immunity analysis. Therefore, we do not believe that *Hospital Resources* is as authoritative as defendants claim. Accordingly, we must remand this case to the district court for it to apply the *Benn* factors and determine whether the Hospital is a citizen for purposes of diversity jurisdiction.

Counsel for the Hospital, Kasin and Moorman contends that Doolin's action must be dismissed in its entirety because the Hospital is not a citizen for purposes of diversity jurisdiction. However, Kasin and Moorman are citizens of St. Croix and are diverse parties as to Doolin, who, as noted, is a citizen of Florida. Therefore, should the district court determine that the Hospital is not a citizen for diversity purposes, it must then determine whether the Hospital can be dismissed pursuant to Fed.R.Civ.P. 21 so that the action can continue against Kasin and Moorman or whether the Hospital is an indispensable party under Fed.R.Civ.P. 19, in which case the action must be dismissed in

8

its entirety.[4] *See Newman-Green Inc. v. Alfonzo-Larraine*, 490 U.S. 826, 832 (1989).

## CONCLUSION

For the above reasons, we will vacate the district court's order dismissing Doolin's action because of her failure to comply with the pre-filing requirements of 27 V.I.C. § 166i, and will remand the matter for the district court for it to determine whether it has diversity jurisdiction under 28 U.S.C. § 1332.[5]

---

[4] Under Rule 21, district courts have the authority to retain jurisdiction by dropping a non-diverse party, provided that the party is not indispensable. Parties are indispensable if "'in the circumstances of the case [they] must be before the court.'" *Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1011 (3d Cir. 1987) (quoting 3A J. Moore, *Moore's Federal Practice* ¶ 19.02). In other words, indispensable parties are "'persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its leaving may be wholly inconsistent with equity and good conscience.'" *Id.* (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1854)).

[5] As we stated at the outset, we have not addressed the merits of the district court's ruling that it lacked subject matter jurisdiction because of Doolin's failure to comply with the pre-filing requirements of 27 V.I.C. § 166i. Nonetheless, we note that neither of the parties nor the district court analyzed the jurisdictional question regarding § 166i by applying *Kontrick v. Ryan*, 540 U.S. 443 (2004), and its progeny, which have recognized that statutory requirements may qualify as jurisdictional requirements, claims processing rules, or time-related directives. In the event the district court concludes that diversity jurisdiction exists, whether § 166i is jurisdictional in nature should be analyzed in light of *Kontrick* and its progeny.