**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2293

_____

In re:  U LOCK INC.,
Debtor

U LOCK, INC.,
Appellant

v.

CHRISTINE BIROS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Nos. 2:22-cv-01284; 2:22-cv-01222; 22-ap-02048)
U.S. District Judge:  Honorable Nora B. Fischer

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2024

_____

Before: SHWARTZ, MATEY, and McKEE, <u>Circuit Judges</u>.

(Filed:  January 13, 2025)

_____

OPINION*

_____

---

*  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

U Lock, Inc. appeals the District Court's order affirming the Bankruptcy Court's order dismissing U Lock's adversary action against Appellee Christine Biros. Because U Lock's failure to timely appeal the Bankruptcy Court's order deprived the District Court of jurisdiction, we will vacate the District Court's order and remand with instructions to dismiss U Lock's appeal.[1]

I[2]

A

In 2015, U Lock borrowed $325,000 from Biros to purchase property. A dispute about payment and terms arose and Biros sued U Lock in state court. Biros prevailed, and in January 2022, recorded deeds to the property in her name. In April 2022, Biros requested a writ of possession from the state court. Days later, a purported U Lock creditor, Shanni Snyder, placed U Lock in involuntary Chapter 7 bankruptcy. In re U Lock, Inc., No. 22-20823 (Bankr. W.D. Pa. Apr. 27, 2022), ECF 1.

---

[1] Judge Matey would affirm the District Court's order based on U Lock's waiver of its standing claim. In response to the Bankruptcy Court's inquiry as to why it would permit the adversary complaint "to proceed at this point given that the Trustee is not the one bringing that action," U Lock's counsel responded that "if the Trustee is not going along with it, then I guess we're kind of stuck with it." App. 382. And when the Bankruptcy Court asked if there was "any reason why [it] should keep that adversary [complaint] on [its] calendar at this point," U Lock's counsel answered no. App. 388. On this record, Judge Matey agrees with the District Court that U Lock "intentional[ly] relinquish[ed] or abandon[ed]" its standing claim. See In re RFE Indus., Inc., 283 F.3d 159, 164 (3d Cir. 2002) (citation omitted).

[2] In reviewing the order dismissing U Lock's adversary complaint, we accept as true the facts stated therein and also consider "public records, including judicial proceedings." In re Energy Future Holdings Corp., 990 F.3d 728, 736-37 (3d Cir. 2021).

On May 13, 2022, after the bankruptcy petition was filed, the state court granted Biros the writ of possession. Thereafter, Biros notified the state court of the bankruptcy and, at a hearing two days later, sought an order from the state court stating that the automatic stay associated with U Lock's bankruptcy did not impact her ability to execute the writ. The state court took the request under advisement but, before it ruled, the Bankruptcy Court declared the May 13, 2022 order granting the writ of possession void because it violated the automatic stay.

U Lock, without consulting the Bankruptcy Trustee,[3] filed an adversary proceeding against Biros alleging that her actions in the state court violated the automatic stay and seeking (1) damages under 11 U.S.C. § 362(k) for costs incurred in defending against the state court activity, and (2) a contempt finding under 11 U.S.C. § 105. Snyder, the creditor who had placed U Lock in involuntary bankruptcy, moved for leave to intervene or join the adversary proceeding, asserting that that "automatic stay violations [] affect the value of the estate," and therefore impact her interests as a creditor.[4] A244.

On August 10, 2022, the Bankruptcy Court (1) dismissed the adversary complaint because it found that only U Lock's Trustee could pursue the § 362(k) claim on behalf of U Lock and (2) denied Snyder's motion to intervene as moot, given the dismissal. On

---

[3] The Bankruptcy Court appointed an interim trustee for U Lock in June 2022.
[4] Based on Biro's counsel's negative comments before the state court, Snyder also sought emotional distress damages.

August 23, 2022, Snyder appealed both orders, and on September 6, 2022, U Lock—not its Trustee—appealed the dismissal order.

The District Court affirmed because, although U Lock raised arguments asserting its standing to sue before the District Court, it waived these arguments by (1) failing to make them before the Bankruptcy Court, and (2) "conced[ing] at the hearing that the adversary action should have been brought by the Trustee." Order at 2-3, U Lock, Inc. v. Biros, No. 2-22-cv-01284 (W.D. Pa. June 21, 2023), ECF 24. The District Court also upheld the Bankruptcy Court's conclusion that the case's dismissal mooted Snyder's motion to intervene.[5] Id.

U Lock appeals.[6]

II[7]

A

Because "the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional," In re Caterbone, 640 F.3d 108, 110 (3d

---

[5] In its brief to the District Court, U Lock asserted that its appeal was timely under Bankruptcy Rule 8002(a)(3), but neither Snyder, Biros, nor the District Court addressed the timeliness of the appeal.

[6] Snyder did not file a notice of appeal but did file a brief labeled "Informal Brief or Informal Brief Friend of the Court," Dkt. No. 30, without being granted leave to do so.

[7] The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Whether the District Court had appellate jurisdiction under 28 U.S.C. §§ 158 and 1334 depends on whether U Lock timely filed its appeal. "[T]his court can raise the question of its and the district court's jurisdiction at any time . . . . When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (internal quotation marks and citation omitted), abrogated on other grounds by Smith v. Berryhill, 587 U.S. 471 (2019).

Cir. 2011), we must first address whether U Lock timely appealed the dismissal order to the District Court. A notice of appeal must be filed within fourteen days of a bankruptcy court's order. Fed. R. Bankr. P. 8002(a)(1). However, "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." Fed. R. Bankr. P. 8002(a)(3). Because U Lock appealed more than fourteen days after entry of the Bankruptcy Court's order, its appeal is untimely when considered on its own, but may be rendered timely if Snyder's appeal from the case's dismissal constitutes the appeal of a "party" under Bankruptcy Rule 8002(a)(3).[8]

Whether Snyder is a "party" whose appeal renders U Lock's appeal timely turns on whether she had standing to appeal. See Maiz v. Virani, 311 F.3d 334, 339 (5th Cir. 2002) (explaining that if a party has standing to appeal, it qualifies as a party for purposes of the "multiple appeal" rule in Federal Rule of Appellate Procedure 4(a)(3), on which Bankruptcy Rule 8002(a)(3) is based); see also Fed. R. Bankr. P. 8002 advisory committee's note to 2014 amendment (explaining that Rule 8002 is an adaptation of Federal Rule of Appellate Procedure 4(a)); 10 Collier on Bankruptcy ¶ 8002.06 (Alan N.

---

[8] Rule 8002(a) applies to appeals from adversary proceedings. In re Vazquez Laboy, 647 F.3d 367, 371, 373 (1st Cir. 2011).

5

Resnick & Henry J. Sommer eds.,16th ed. 2024) (suggesting that "party" in Rule 8002(a) refers to one who has standing to file an appeal).

Here, Snyder lacks statutory standing under 11 U.S.C. § 362(k) to seek damages for Biros's purported automatic stay violations.[9] The estate owns any § 362(k) claim for damages associated with U Lock's injury in defending against Biros's purported stay violations. See 11 U.S.C. § 541(a)(7) (providing that property of the estate includes interests acquired by the estate post-filing of a bankruptcy petition); cf. 2 Collier on Bankruptcy ¶ 303.25 (explaining that claims against the debtor which arise during the "gap period," which is the time between the filing of an involuntary petition and an order of relief, give rise to claims against the estate). "[O]nce a cause of action becomes the estate's property, the Bankruptcy Code gives the trustee, and only the trustee, the statutory authority to pursue it" unless abandoned. In re Wilton Armetale, Inc., 968 F.3d 273, 280 (3d Cir. 2020); In re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 327, 329 (3d Cir. 1990) (holding trustee could recover damages for automatic stay violations).[10] Because

---

[9] Whether a litigant, such as Snyder, has "'standing' to pursue causes of action that become the estate's property" refers to the litigant's "statutory authority under the Bankruptcy Code, not its constitutional standing to invoke the federal judicial power." In re Wilton Armetale, Inc., 968 F.3d 273, 280-81 (3d Cir. 2020).

[10] U Lock's suggestion that the Trustee abandoned the automatic stay violation claim is belied by (1) its admission before the Bankruptcy Court that it did not communicate with the Trustee before bringing the action, and (2) the lack of any other indicia that the Trustee abandoned the cause of action. See 11 U.S.C. § 554(a)-(b) (requiring "notice and a hearing" before trustee may abandon property); In re Wilton Armetale, Inc., 968 F.3d at 284 (stating that if a trustee wants to abandon property, he must do so overtly and intentionally). U Lock's argument that it has standing because the alleged stay violations and injuries occurred during the "gap period" before a trustee was appointed is also unavailing as the adversary action was filed after a trustee had been appointed.

the Trustee did not abandon or assign the claim, only the Trustee could bring it, and Snyder lacked the authority to do so.[11] Given that she could not bring the action, she lacks standing to appeal the Bankruptcy Court order dismissing it.[12] As a result, her appeal was not one by a "party" under Bankruptcy Rule 8002(a)(3) whose appeal could extend the time for U Lock to appeal. Therefore, the fourteen-day clock for U Lock to file a notice of appeal began to run with entry of the Bankruptcy Court's order on August 10, 2022, not with the filing of Snyder's notice of appeal. See Fed. R. Bankr. P. 8002(a)(1). Because U Lock filed its notice of appeal twenty-seven days after the

---

[11] Courts outside of our circuit have recognized circumstances in which creditors may have statutory standing to bring suit under § 362(k). See, e.g., In re Ampal-Am. Isr. Corp., 502 B.R. 361, 371 (Bankr. S.D.N.Y. 2013) (recognizing that "[t]he typical example of a [creditor § 362(k)] claim that satisfies [] prudential limitations involves a violation of the stay that impairs a pre-petition secured creditor's interest in specific property of the estate"). However, in such cases, the creditor seeks to vindicate a direct interest, not a "generalized injury to the estate and an indirect injury to all creditors . . . [which reduces] the pool of assets available for distribution." Id. at 372.

[12] Snyder's alleged emotional damages do not give her standing to appeal because they lack a causal connection to the purported stay violation. See In re Lansaw, 853 F.3d 657, 669-70 (3d Cir. 2017) (explaining that a successful claim for emotional damages will depend on plaintiff's ability to link their distress to the stay violation itself).

Snyder also does not have standing to appeal under the "person aggrieved" standard, which generally governs non-party appeals, because Snyder has only a derivative, and not a direct, interest in the adversary action's dismissal. See In re Boy Scouts of Am., 35 F.4th 149, 157 (3d Cir. 2022) (explaining that "[p]otential appellants are 'persons aggrieved' [if their] . . . 'rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court'" (citation omitted)); see, e.g., In re Buccaneer Res., L.L.C., 912 F.3d 291, 293 (5th Cir. 2019) (explaining that "[w]hether the bankruptcy estate or a creditor can pursue a claim against third parties" turns on "whether the creditor has suffered a direct injury or one that is derivative of an injury to the debtor" and stating that "[i]f the harm to the creditor comes about only because of harm to the debtor, then its injury is derivative, and the claim is property of the estate . . . [and] only the bankruptcy trustee has standing to pursue the claim for the estate" (collecting cases)).

Bankruptcy Court entered its order, U Lock's notice of appeal was untimely, and the District Court lacked jurisdiction to consider it.

## III

For the foregoing reasons, we will vacate the order of the District Court and remand with instructions to dismiss the appeal.[13]

---

[13] Because no timely appeals can be pursued, the Bankruptcy Court's order dismissing U Lock's complaint is the final disposition of this adversary action.